CHARLES PARTRIDGE, Appellant, *v.* ALBERT C. EATON, Respondent.

Plaintiff purchased of the executors of L. and of one B., who were tenants in common, certain lands through which ran a stream known as Otter creek. The grantors also owned a lot called "the tannery lot" upon the stream below the lands conveyed, and the executors alone owned a tract below this, which was thereafter conveyed to defendant, and still below plaintiff owned a saw-mill. The deed to plaintiff contained a clause giving plaintiff "the right to use the stream called Otter creek that runs through the tannery lot for the purpose of floating logs, timbers, * * * and to improve and deepen the said stream, and also to make a canal through said lot." Plaintiff, after the conveyance to him, expended considerable sums in improvements upon the stream, mostly upon that portion passing through the tract conveyed to defendant, a portion of the improvements being made before the latter took title. Plaintiff claimed under his deed an exclusive right to the use of the stream through defendant's tract. *Held*, that the deed conveyed only the lands and rights owned by all the grantors as tenants in common; and that the clause giving the right to the use of the stream did not apply to premises owned by the executors alone, but was limited to "the tannery lot." Also, *held*, that in the absence of proof that plaintiff claimed the exclusive right to the use of the stream, defendant was not estopped from denying it on account of permitting the improvements.

Plaintiff offered to prove a license signed by one of the executors of L., allowing him to cut timber on the tract below the tannery lot to improve the stream, which was rejected. *Held*, no error; that it would not have strengthened plaintiff's title, as it did not purport to convey any exclusive right to the use of the stream, and was not inconsistent with the absence of such right; also, as it was only executed by one of the executors.

By an act of the legislature (chap. 273, Laws of 1872) the creek was made a public highway, and provision was made for assessing and paying the

damages of "the riparian owners." *Held,* that even if plaintiff's deed gave him the exclusive right claimed, he was entitled to compensation therefor under the provisions of the act, and his right was superseded thereby.

(Argued December 16, 1875; decided December 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court, on trial at Special Term. (Reported below, 3 Hun, 533.)

This action was brought to restrain defendant from running logs or timber down Otter creek, in the county of Lewis, and from obstructing or preventing the passage of plaintiff's logs down said stream.

In October, 1869, the executors of the estate of Lyman R. Lyon and one Botchford conveyed to plaintiff a large tract of woodland owned by them as tenants in common, situate in said county of Lewis, through which ran a stream called Otter creek. Below this tract was a lot of 400 acres, known as "the tannery lot," also owned by said grantors as tenants in common. Below this was a large tract owned by the executors alone. The creek ran through "the tannery lot" and the lower tract to a dam and saw-mill below, owned by plaintiff. In the granting clauses of plaintiff's deed was contained the following : "The said Partridge has the right to use the stream called Otter creek, that runs through the tannery lot, for the purpose of floating logs, timber, lumber and products (through said lot), and to improve and deepen the said stream, and also the right to make a canal (through said lot) and roads and other modes of transportation, and keep and maintain them, and to have the full use of them ; but such improvements, or any of them, are not to be made or maintained to the injury of the tannery water power or the business carried on at the tannery."

The executors subsequently sold and conveyed the tract below the tannery lot to defendant. Plaintiff floated the logs

and timber cut upon the tract of land so purchased down the creek to his mill. For the purpose of improving the channel of the stream and increasing its capacity to float his logs, he expended upon it between $8,000 and $10,000, most of which was expended on that portion of the stream passing through the tract owned by the executors and deeded to defendant. A portion of these improvements were made before defendant purchased. Defendant piled logs cut from his tract upon the banks of the stream and upon the ice, ready to be floated down in the spring.

Upon the trial of the cause, plaintiff, after proof of loss, offered to prove the contents of a paper purporting to have been a license signed by one of the executors, permitting plaintiff to cut timber on the tract below the tannery lot for the purpose of improving the stream. This was objected to, objection sustained, and plaintiff's counsel duly excepted.

Defendant gave in evidence an act of the legislature, passed April 18, 1872 (chap. 273, Laws of 1872), making Otter creek a public highway. It provides (§§ 6, 8) for assessing and paying the damages of the "riparian owners."

Plaintiff's counsel asked the court to find, that the deed to plaintiff gave him the exclusive right to the use of the creek through defendant's tract; that the act of 1872 was unconstitutional, and that defendant having laid by and suffered the improvements to be made, could not claim the right to participate in their use. The court refused so to find, and directed a dismissal of the complaint, to which plaintiff's counsel duly excepted.

*George W. Smith* for the appellant. One conveying without words of limitation passes his whole interest. (4 Cow., 325; 1 Comst., 342; 3 R. S. [5th ed.], 31, § 163.) The object of the parties was to vest in plaintiff as much the legal title to the stream as to the timber land; he was to have a sole easement in fee. (Smith on Stat., 447; *Wilson* v. *Troop*, 2 Cow., 229; *Bradley* v. *W. A. and G. S. P. Co.*, 13 Pet., 97;

*Griffith* v. *Hardenburgh*, 41 N. Y., 464; *Bridger* v. *Pierson*, 45 id., 604; *French* v. *Carhart*, 1 id., 96, 102.) The acts of the parties under the instrument in dispute showed what they intended. (*Goodtitle* v. *Way*, 1 T. R., 735; *Baxter* v. *Browne*, 2 W. Bl., 963; *Doe* v. *Rice*, 21 E. C. L., 498.) By purchase and improvement the use of the stream has become plaintiff's private easement, and it could not be confiscated by the legislature or invaded by defendant. (*Morgan* v. *King*, 35 N. Y., 460; *Munson* v. *Hungerford*, 6 Barb., 265; *Carter* v. *Kepler*, 14 id., 511.) The act of 1872 was unconstitutional, as no public use was subserved by its provisions. (*B. and R. Mill Co.* v. *Newman*, 2 Pick., 480; *In re Albany St.*, 11 Wend., 149; *Bloodgood* v. *M. and H. R. Co.*, 18 id., 56; *Taylor* v. *Porter*, 4 Hill, 140; *Beekman* v. *S. and S. R. R. Co.*, 3 Paige, 73; Smith on Stat., § 312.) Having laid by and allowed plaintiff to expend his money in improving the stream, defendant is estopped from denying his exclusive right in the whole of it from the lake to his mill. (*Wendell* v. *Van Rensselaer*, 1 J. Ch., 354; *Fisher* v. *Hall*, 9 Barb., 30; Story's Eq. Jur., §§ 385, 391; *Stiles* v. *Cowper*, 3 Atk., 692; *Pittsburg* v. *Scott*, 1 Barr., 317; *Hamilton* v. *Hamilton*, 4 id., 194; *City of New Haven* v. *R. R. Co.*, 9 Am. R., 399; 38 Conn., 422; *Brown* v. *Bowen*, 30 N. Y., 535, 541; 2 Smith's L. Cas., 737; *Storrs* v. *Barker*, 6 J. Ch., 168; *Town* v. *Needham*, 3 Paige, 545; *Thompson* v. *Blanchard*, 4 N. Y., 303; 30 id., 535; *Niver* v. *Belknap*, 2 J. R., 589; 1 Fonbl. Eq., 161; *Dougrey* v. *Topping*, 4 Paige, 97; Herman on Est., §§ 410, 416, 418.) Plaintiff is entitled at least to recover for the damages alleged in his complaint. (*Parker* v. *Laney*, 58 N. Y., 469.)

*C. D. Adams* for the respondent. The license, to have had any force, must have been executed by all the executors. (4 J. Ch., 368; 8 Cow., 543; 3 Kern., 587.) The act of 1872 was good and valid, and justified defendant in the use of the stream. (1 Cai. Cas., 86, 89; 18 Wend., 9–19; 39 N. Y., 171; 1 Kern., 308, 313, 314.)

CHURCH, Ch. J. This action is brought to restrain the defendant from using Otter creek for floating logs down the same, and to establish an exclusive right in the plaintiff to the use of the creek from its source, at Otter lake, to his mill. With the exception of an act of the legislature declaring the stream a public highway, the case was submitted upon the plaintiff's evidence, and the court dismissed the complaint.

There seems to be an apparent equity in the plaintiff's claim, arising out of the expenditure of money in improving the stream; but to maintain the action and exclude the defendant from the use of the stream, the plaintiff must show a sufficient title, and bring the case within some established principle. The defendant has a mill on the same stream, below the plaintiff's mill, and is the owner of a large tract of land above the plaintiff's mill, through which the creek runs, and the plaintiff also owns a tract still above, both of which, I infer, are principally valuable for timber. The defendant's title was derived from the executors of Lyman R. Lyon, and the plaintiff's title from the said executors and one Botchford, who owned the same as tenants in common. Between the two tracts is a lot containing 400 acres, called the tannery lot, which was also owned by said executors and Botchford. The plaintiff asserts the exclusive right to the stream by virtue of the grant from the said parties in 1869. The tannery lot was not conveyed, but a saw-mill adjacent to it was included, and the deed contains this provision : " The said Partridge has the right to use the stream called Otter creek, that runs through the tannery lot, for the purpose of floating logs, timber, lumber and products through said lot, and to improve and deepen the said stream, and also to make a canal through said lot, and roads and other modes of transportation, and keep and maintain them, and to have the full use of them; but such improvements or any of them are not to be made or maintained to the injury of the tannery water power, or business carried on at the tannery." At the time this conveyance was made the Lyon estate, alone, owned the large tract below the tannery lot, which was subsequently purchased by the defend-

ant; and the plaintiff claims that the right to use the streams granted by this conveyance extended to the stream through that tract. I do not think that this construction can be sustained. There is nothing in the deed indicating an intention to convey any land or right except such as the grantors owned as tenants in common; and the language must be presumed to apply to such lands only. The grantor, Botchford, describes his interest in the premises granted as an undivided two-thirds, and makes covenants in respect to such interest; and the executors in like manner covenant in respect to an interest of one undivided third. These provisions would be inconsistent with the conveyance of any land, right or interest which did not belong to all the grantors. It would require clear expressions to establish an intent on the part of Botchford to make the personal covenants contained in the deed apply to premises in which he had no interest, or on the part of the executors to sever an easement so valuable to the large tract of timbered land which they still retained.

The language employed, taken together, does not justify such a construction; it expressly limits the use of the stream to the tannery lot, and by necessary implication the right to improve and deepen the stream is also limited to that lot; and as this is the language of both parties, who together owned the tannery lot and did not own together the tract below, it seems to me quite apparent that it applied only to the tannery lot; and as no other title was set up to the exclusive use of the stream below, the plaintiff must fail.

A paper alleged to have been lost was sought to be proved in aid of the right of the plaintiff. If it had been produced it would not have availed to strengthen his title. It was only claimed to contain a license from the Lyon executors to the plaintiff to cut timber on the tract below to enable him to improve the stream. It did not purport to convey any right to the exclusive use of the stream, and is not inconsistent with the absence of such right. Besides, it was executed by only one of the executors.

Another difficulty with the plaintiff's right of action is the

legislative act declaring the stream a public highway. If the views before expressed as to the limitation of the grant to the tannery lot are correct, the point that no compensation was provided for the plaintiff's interest, is not available, as he had no interest below the tannery lot. But if he had the exclusive right, I am inclined to agree with the General Term, that he would be entitled to compensation under the provision for compensation to riparian owners, and to enforce such compensation in his own right as the grantee of the most valuable part of the interest for which the riparian owner was entitled to compensation, or, if necessary, in the name of such owner. If the owner of the land should receive full compensation, his grantee of the exclusive use would be entitled to recover it, or such part of it as his interest represented. It cannot be that a division of the interest of a riparian owner would prevent full compensation for such interest. The only consequence of such division would be that the compensation should be also divided.

The point that the defendant is estopped from denying the exclusive right of the plaintiff is not tenable. The facts proved do not bring the case within any established rule on this subject. In the first place, it does not appear when the defendant took the title to the tract of land below the tannery. A part of the improvements, at all events, were made by the plaintiff before the defendant received the title. It does not appear that the defendant knew that the plaintiff claimed the exclusive right to the use of the stream; and if he did, when the legislature declared it a public highway he had a right to suppose that the plaintiff would be fully compensated.

There is no evidence of concealment or deception in respect to the title. For aught that appears, the parties understood the facts; and if there was any misapprehension it related to their legal rights. It is not improbable that the plaintiff believed that he possessed a superior right to the use of the stream; but the mere expenditure of money to improve it, so as to enable him to float logs from his tract

above, would not be absolutely inconsistent with a contrary belief. However this may be, I see no ground to charge the defendant for the consequences of such misapprehension.

As the action failed in its essential objects and purposes, it was not error to dismiss the complaint. The damages (if any) to the plaintiff's boom and dam, by wrongful acts of the defendant, were not shown ; and if any such cause of action exists, it can be prosecuted in the ordinary way.

The judgment must be affirmed.

All concur.

Judgment affirmed.