JOHN HOFFMAN, Administrator, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued November 13, 1878; decided December 10, 1878.)

THIS was an action for alleged negligence causing the death of Margaret Hoffman, plaintiff's intestate. (Reported below, 13 Hun, 589.)

Plaintiff's evidence tended to establish the following facts: On December 16, 1875, the deceased with two small children took passage on defendant's road from Syracuse to Amboy.

Defendant's depot at the latter place is located on the south side of its tracks, and about seventy feet west from a highway running north and south, which crossed the track; there were four in number. There is a path along the south side of the tracks leading from the highway to the depot. Across each of the tracks at the intersection of the highway were cattle guards which extended about three feet into the highway. It had been snowing for several days, but had ceased the night before and the morning was clear. The path had not been shoveled out, and, in addition to the natural fall, the snow had been shoveled from the tracks, upon the path so that it lay there over two feet deep. The train, upon which the deceased was a passenger, was upon the second track from the south. Upon its arrival at Amboy she alighted with her children on the south side of the train (the side towards the depot) and remained standing there until the train moved on. She resided upon the east side of the intersecting highway on the north side of the tracks. After the train had passed she proceeded diagonally across the second and third tracks toward the highway. In crossing the third track she stepped into the cattle guard, which was filled with snow even with the track, and before she could extricate herself she was struck by the engine of a gravel train and killed. The portion of the cattle guard into which she stepped was within the highway. The evidence was to the effect, and the court assumed as a fact, that she would have had ample time to have crossed the track if she had not fallen into the cattle guard. The court nonsuited the plaintiff; *held*, error; that it was defendant's duty to furnish a safe and convenient passage from its depot to the highway (*Hulbert* v. *N. Y. C. and H. R. R. R. Co.*, 40 N. Y., 145), and there was ground for a finding, that in consequence of its neglect to perform that duty passengers would need to go along the tracks to pass conveniently from the depot to the highway, and if they were then exposed to injury it was because of defendant's neglect; and that deceased being thus compelled to pass over the tracks, that it was not negligence on her part to suppose one part

of the road-bed as safe and as much meant for the use of passengers as another, and to take the nearest way to her home by going diagonally across the tracks.

Also that the jury had the right to find negligence in the location of the cattle guard within the highway, instead of upon the highway, and that the putting it there was the cause of the injury. The court cited the following cases : (*Weber* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 451; *Bernhard* v. *R. and S. R. R. Co.*, 1 Abb. Ct. App. Dec., 131; *Morrison* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 643; *Belton* v. *Baxter*, 58 id., 411; *Mentz* v. *Second Avenue R. R. Co.*, 3 Abb. Ct. of App. Dec., 274; *Maher* v. *C. P., etc., R. R. Co.*, 67 N. Y., 52.)

As to cases where negligence is to be determined as matter of law the court cited *Morrison* v. *Erie R. Co.* (56 N. Y., 302) ; *Reynolds* v. *N. Y. C. and H. R. R. R. Co.* (58 id., 248).

*George N. Kennedy* for appellant.

*Isaac D. Garfield* for respondent.

FOLGER, J., reads for affirmance of order and for judgment absolute against defendant on stipulation.

CHURCH, Ch. J., RAPALLO and MILLER, JJ., concur ; EARL and HAND, JJ., dissent ; ANDREWS, J., absent.

Order affirmed and judgment accordingly.