OBADIAH B. ANDREWS *v.* YAZOO & MISSISSIPPI VALLEY RAIL-
ROAD COMPANY.

1. RAILROADS.  *Intending passenger.  Assault and battery.  Station agent.*
   A railroad company is not liable to a plaintiff who, intending to
   take a train not due for more than one hour, for which he had
   not purchased a ticket, obtained permission from the station
   agent to do some writing in the office of the station, and while
   there became involved with the agent in an altercation over a
   private matter in which the agent committed an assault and
   battery on him.

2. SAME.   *Code* 1892, § 4313.
   Such a case is not aided by Code 1892, § 4313, requiring railroad
   companies to furnish suitable reception rooms and keep them
   open for one hour before the arrival and for half an hour after
   the departure of passenger trains, and to protect passengers
   therein from offensive conduct, since the statute has no appli-
   cation to the case.

FROM the circuit court of Sunflower county.

HON. A. McC. KIMBROUGH, Judge.

Andrews, the appellant, was plaintiff, and the railroad com-
pany, the appellee, defendant in the court below.  From a
judgment in defendant's favor, predicated of a peremptory in-
struction, the plaintiff appealed to the supreme court.

The evidence for the plaintiff was in substance as follows:
Plaintiff, a traveling inspector for an insurance company, was
in Ruleville (a small village), and, having some acquaintance
with the depot agent at that place (a Mr. Travis), went to the
depot more than two hours before the train he desired to take
was due, and going into the depot, through a side entrance
provided for the employes of the company, spoke to the
agent through a window, and requested the privilege to enter
the private office and to do some writing, which the agent per-
mitted him to do.  The agent, at his request, furnished him
with a place to write, some stationery, including pen and ink,

and he began to write up his daily report to the insurance company. Plaintiff testified that he went to the station to catch a train. "I walked into a little anteroom, and accosted Mr. Travis, who was behind the desk, and said, 'Mr. Travis, I have an hour or so until train time, and I know it is against the rules of the railroad company, but I have some letters or reports to make up, and I would like to come in and write these, if agreeable to you.' And he consented, and I walked around into the office, where the tickets were, and told him I had no stationery of my own, that I didn't have my grip, and that I would like to sponge on him, I believe, for a little stationery, and he very kindly gave me some, and his pen and ink; and I had written several pages, and had my back to him. He remarked, 'I understand you didn't have a very good opinion of me the last time you were here;' and I stated I had not thought much about it, and had not thought of it. He said, 'I heard you made some remark about me;' and I asked what it was, and he told me what it was, and said, 'I have a friend who overheard you;' and I said, 'Get your friend, and we will go over the matter;' and he went out, and was gone some time, and came back with Mr. Bailey, his friend, and he said, 'Here is the man who heard you make the remark about me;' and I got up and sat on the corner of the desk, and Mr. Bailey said, 'You made the remark at Moorehead;' and I said, 'I don't know that I did make this remark, but you seem to want it that way, and seem to be looking for trouble, and you can let it stay that way.' Mr. Travis said, 'I want an apology,' and I said if I thought it necessary I would make one. Then Mr. Travis drew back his hand, and I made a dive for him, and he turned and pulled out a pistol." He further stated that Travis struck him over the head with the pistol, inflicting a wound. He had not bought a ticket.

*Johnson, Chapman & Neill,* for appellant.

The proper construction of the statute, Code 1892, § 4313, is that the agent must preserve order as long as the station

house is open for the reception of passengers. This duty is not confined to the hour before the arrival of trains and one-half hour afterwards; the statute does not mean that the company is bound only to preserve order in the limits of times named therein. If it is the duty of the agent to preserve order, then, certainly, the company would be responsible for an assault and battery committed by the agent himself. In the keeping of order in the station house the agent is the servant of the company, and it is responsible for his acts, both of omission and commission, in the line of his duty. *King* v. *Railroad Co.,* 69 Miss., 245.

If this agent was under duty of preserving order in the station house, although more than an hour before the arrival of the train, then the company is liable for any neglect of the duty, and most certainly for an assault and battery committed by the agent. We think the principle of this case is in line with the decisions which require the conductors of trains to preserve order, and make the company liable for any injuries to passengers of which the conductor has notice, and which he ought by reasonable care to have prevented. *Railroad Co.* v. *Burk,* 53 Miss., 200; *Railroad Co.* v. *Minor,* 69 Miss., 710; *Ward* v. *Railroad Co.,* 79 Miss., 145.

It was within the scope of the duty of the railroad agent to preserve order in its station house and to treat the parties who came into the station house for the purpose of taking trains with courtesy. The agent was in the scope and line of his employment. It was a part of his duty while in charge of the station house not to attempt by violence to redress his own grievance, real or supposed, upon persons awaiting trains, or, for that matter, upon persons who were in the station house. We think the case is clearly under the decision of *Richburger* v. *American Ex. Co.,* 73 Miss., 171; *Pullman Co.* v. *Lawrence,* 74 Miss., 783; *Ward* v. *Railroad Co.,* 79 Miss., 145.

*Mayes & Longstreet,* for appellee.

It will be observed by the court that the evidence demonstrates a total absence of those elements and conditions which, under the law, create the relation of carrier and passenger.

The general rule is, "The relation of carrier and passenger begins when one puts himself in the care of the carrier, or directly within its control, with the *bona fide* intention of becoming a passenger, and is accepted as such by the carrier." 5 Am. & Eng. Ency. Law (2d ed.), 488; *Spannagle* v. *Chicago, etc., R. Co.,* 31 Ill. App., 460; *Allender* v. *Chicago, etc., R. Co.,* 37 Iowa, 64; *Webster* v. *Finchburg R. R. Co.,* 161 Mass., 298.

The facts of this case show that Andrews had at no time and in no wise put himself in the care of the carrier or directly within its control; that he did not have at the time he repaired to the station the *bona fide* intention of then becoming a passenger, and there was no act on the part of the carrier through its agent to indicate that he was accepted as such.

There is no evidence in the transcript that the plaintiff applied to the agent, or had provided himself with a ticket or other evidence of right of transportation. *Railway Co.* v. *Drummond,* 73 Miss., 813.

"A person is not a passenger who is at a station house by mere permission, and not for the purpose of transacting any business with the company, or its agent, or in any business connected with the operation of the road." *Pittsburg Railroad Co.* v. *Bingham,* 29 Am. St. Rep., 364.

"One who goes upon the premises of a railroad station from curiosity or for the transaction of business not connected with the company is not a passenger." *St. Louis R. Co.* v. *Fairbarn,* 48 Ark., 491; *Diebold* v. *Penn. R. R. Co.,* 50 N. J. ,L., 478; *Pittsburg R. R. Co.* v. *Bingham,* 29 S. T., 364 (23 Am. St. Rep., 751); *Gillis* v. *Penn. R. R. Co.,* 59 Penn. S. T., 129 (98 Am. Dec., 317); *Kansas City R. R. Co.* v. *Kirksey,* 60 Ark., 366.

"Nor is it enough that the person who comes to the carrier's

station with the intention of taking passage at some indefinite time in the future. He must come to the station in a reasonable time before the departure of the train by which he is to travel." *Harris* v. *Stevens,* 31 Vt., 79 (73 Am. Dec., 337). (As to what constituted a reasonable time for passengers to go to depots to meet trains, see Code 1892, § 4313, which fixes the time for depots to receive passengers, etc.)

The evidence shows that the assault complained of was caused by personal and individual matters between the agent of the defendant and plaintiff, and that the agent, Travis, was not acting within the scope of his authority or his employment at the time the assault was made. As to the liability by principal for torts of agents or servants, see Webb's Pollock on Torts, pp. 84-107.

Argued orally by *Eugene Johnson,* for appellant, and *James C. Longstreet,* for appellee.

TRULY, J., delivered the opinion of the court.

Under no theory of law applicable to the facts disclosed by this record can any liability attach to the appellee. It is perfectly obvious that the relation of carrier and passenger did not exist between appellant and appellee at the time of the difficulty between appellant and Travis. Appellant, according to his own statement, did not resort to the depot for the purpose of then securing passage upon a train, nor with the intention of establishing the relation towards the appellee of passenger and carrier. Giving his statement the most far-reaching effect and the broadest meaning of which his language admits, while his intention was ultimately to take passage when the train not due for several hours should arrive, the prime object of his going to the depot at that hour was that he might have a comfortable and convenient place in which to transact the business of writing up his daily insurance reports—a strictly private matter. While about this business he became involved in a dis-

pute, and, subsequently, a difficulty, with Travis about another matter, purely personal to themselves, not even remotely connected with the duty of Travis or the business of appellee. At that time appellant had not in any sense "put himself in the care of the carrier, or directly within its control, with the *bona fide* intention of becoming a passenger," and, hence, under the general rule, the relation of carrier and passenger had not begun. 5 Am. & Eng. Ency. Law, 488. Nor was he at the time of the occurrence in any place prepared or intended for the accommodation of passengers. On the contrary, he was, in knowing violation of the rules of the railroad company, availing himself of the courtesy of the agent, Travis, who, upon the special request of appellant, had extended him the use of his private office.

In our opinion, Code 1892, § 4313, has no application to the facts of the instant case. That section was intended to conserve the convenience and comfort of the traveling public, first, by providing comfortable and cleanly rooms for their reception and accommodation; and, second, by protecting them from boisterous and offensive conduct from others. This section attempts to achieve the desired end by imposing it as a positive duty on all railroad companies at every passenger station to keep open, under the conditions and for the time stated therein, cleanly, warm, and properly lighted reception rooms, and by vesting the person in charge of such rooms with necessary power as a conservator of the peace. But appellant at the time of the difficulty of which he now complains, though in fact due to his own reprehensible language and aggressive conduct, was not in the room so prepared, but in another part of the depot building, into which he had gone in furtherance of his personal ends and in willful disregard of an established rule of the appellee. We hold that every prospective passenger or other person lawfully entitled to the use of the reception rooms at a passenger station, and whose own conduct is not boisterous or offensive, is protected in such use by the provisions of the section cited. But

that statute cannot be so extended as to cover a difficulty of a personal nature, not growing out of or connected with the service of the employe or the business of the master, arising between two individuals not in the reception room, even though one of the parties should be an employe of the railroad company owning or controlling the depot.

*The judgment is affirmed.*