LOUISVILLE & N. R. CO. *v.* CORLANDER.

[91 South.  699.  No. 22612.]

1. RAILROADS.  *Insult by station agent held not actionable.*

A railroad company is not liable for an injury to another inflicted by its servant while the latter is acting without the scope of his authority. And a station agent of a railroad company, who while engaged in no duties for such railroad company offers

plaintiff an insult, who is outside of and away from such station some distance, engaged in loading lumber on a car belonging to said company, is acting without the scope of his authority, and said company therefore is not liable for such injury.

2. RAILROADS.  *Statute making station agent conservator of peace not available to one not a passenger.*

Section 4867, Code of 1906 (Hemingway's Code, section 7652), providing how passenger stations shall be kept by railroads, and among other things that the agent in charge shall be a conservator of the peace in such station, was intended to conserve the convenience and comfort of the traveling public by providing therefor comfortable and cleanly rooms for their accommodation, and by protecting them from the boisterous and offensive conduct of others.  This statute cannot be invoked by one who is neither a passenger nor intends to become one, and who at the time of the alleged injury is outside of the railroad station, engaged in loading lumber on a car belonging to the railroad company alleged to have caused the injury complained of.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Mrs. A. B. Corlander against the Louisville & Nashville Railroad Company.  Judgment for plaintiff for nominal amount, and defendant appeals, and plaintiff cross-appeals.  Reversed and rendered for defendant.

*Smith, Young, Leigh & Johnston,* for appellant.

Assignment of error A. was to the effect that the agent was not at the time acting within the line and scope of his employment.  Assignment of error C. was to the effect that the defendant was under no duty to protect the plaintiff from insult at the time.  The declaration in this case is based on the theory that the defendant was under duty to protect the plaintiff from insult, and is not based on the theory that the agent, McDonald, was, as the time, acting within the line and scope of his employment.

The question before the court is, therefore, whether or not a person loading cross-ties, at some distance from the

depot, is entitled to the protection of a railroad company from insult. The plaintiff in the case is evidently relying upon section 4867 of the Code of Mississippi of 1906, section 7652 of Hemingway's Code, which is as follows: "Every railroad company shall keep rooms open for the reception of passengers at all passenger stations at least one hour before the arrival and one-half hour after the departure of passenger trains; and all reception rooms shall be made comfortable, and shall be kept in a cleanly and decent condition, properly heated when necessary, and properly lighted at night; the agent or person in charge shall preserve order and, if necessary eject any person whose conduct is boisterous or offensive."

If the above statute gives the plaintiff no right of action, then the plaintiff has none, for, as we take it, it is conceded that the agent, at the time of the incident complained of, was not acting within the line and scope of his employment. The court would bear in mind, that, at the time of the incident the plaintiff was loading cross-ties and the defendant's agent was in the door of the warehouse.

In the case of *Andrews* v. *Yazoo & Mississippi Railroad Co.,* 86 Miss. 129, 38 So. 773, the supreme court of Mississippi decided that, where the plaintiff went to the depot of the defendant for the purpose of taking passage on a train due in an hour or two, and went inside the agent's office, where he got into an altercation with the defendant, "the statute cannot be so extended as to cover a difficulty of a personal nature, not growing out of or connected with the service of the employee or the business of the master arising between two individuals not in the reception room, even though one of the parties should be an employee of the railroad company owning or controlling the depot."

In other words, this case tends to hold that two things are essential, viz: First, that the person must be in the reception room; and, second, that he must be there for the purpose of taking passage on the train of the defendant; in which event, of course, he would be entitled to the protection of the agent.

The plaintiff in the case concedes that the agent was not at the time acting within the line and scope of his employment, at least she does not predicate liability on any such theory.  (See the declaration in the case.)

The authorities in Mississippi are multitudinous to the effect that the agent of the company was not at the time acting within the line and scope of his employment.  *Louisville, New Orleans & T. P. Railroad Co.* v. *Douglas,* 69 Miss. 723, 11 So. 933; *Canton Cotton Warehouse Co.* v. *Poole,* 78 Miss. 147, 28 So. 823; *A. & V. Railroad* v. *McAfee,* 71 Miss. 70, 14 So. 260; *A. & V. Railroad Co.* v. *Hartz,* 42 So. 201.

We submit, therefore: First, that instructions 1 and 2 which are peremptory instructions, should have been given, for the reason that the defendant, at the time and place complained of, was under no duty to protect the plaintiff from insult: Second, that the defendant's agent, even if the facts are true, was not, at the time and place complained of, acting within the line and scope of his employment: Third, that the facts in the case and the verdict of the jury show, manifestly, that the allegations of the complainant were not proven by the plaintiff.

No brief found in the record for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. A. B. Corlander, sued the appellant, the Louisville & Nashville Railroad Company, in the circuit court of Harrison county for an injury alleged to have been done her by appellant through one McDonald, agent of appellant at its station, Creole, and recovered a judgment for a nominal sum, from which appellant prosecutes this appeal, and appellee a cross-appeal.

At the conclusion of the testimony appellant requested the court to direct a verdict in its favor, which request was refused by the court, which action of the court appellant assigns as error.

In considering the question whether the trial court erred in refusing this instruction, all the evidence proving or tending to prove appellee's case should be taken as true. So treating the evidence, the appellant made the following case: At the time of the alleged injury she was engaged with others in loading lumber on a car on appellant's road near its depot at Creole. Appellant's depot was across its railroad tracks, some distance from where appellee was engaged in loading lumber. Appellant's agent McDonald in charge of its said depot, appeared in the door thereof, and by his conduct offered appellee a gross insult. At the time of the alleged injury appellant's agent was not engaged about the business of appellant. Appellee was not a passenger on appellant's road. She was not inside, but away from appellant's depot. In loading the lumber it was not necessary for her to have, and she was not having any business whatever with appellant's said agent in any wise connected with its business of a carrier of passengers and freight. According to her own testimony, appellant's agent McDonald was simply standing in the door of the depot, engaged in no duties for appellant, while appellee was away from the depot some distance—on the other side of the railroad track therefrom—engaged about a matter with which said agent had nothing to do, at least at that particular time, when the latter offered her the insult complained of.

Clearly at the time of the injury appellant's agent McDonald was not engaged about the business of appellant. He was on a mission of his own, strictly personal to himself and appellee. This court has repeatedly held that the master is not liable for the acts of his servant done without the scope of the latter's employment. *Moore Stave Co.* v. *Wills,* 111 Miss. 796, 72 So. 228; *Canton Warehouse Co.* v. *Poole,* 78 Miss. 147, 28 So. 823, 84 Am. St. Rep. 620; *A. & V. Ry. Co.* v. *Hart,* 88 Miss. 681, 42 So. 201; *A. & V. Ry. Co.* v. *McAfee,* 71 Miss. 70, 14 So. 260.

It was stated, however, in the oral argument, although there is no such contention in appellee's brief, that by vir-

tue of section 4867, Code of 1906 (section 7652, Heming-way's Code), it was made the duty of appellant's agent to protect appellee against insult; and for a greater reason made it the duty of said agent not to insult appellee. That statute is in this language:

"Every railroad shall keep rooms open for the reception of passengers at all passenger stations at least one hour before the arrival, and one-half hour after the departure, of passenger trains; and all reception rooms shall be made comfortable, and shall be kept in a cleanly and decent condition, and properly heated when necessary, and properly lighted at night. The agent or person in charge shall preserve order, and, if necessary, eject any person whose conduct is boisterous or offensive."

Construing this statute in *Andrews* v. *Y. & M. V. R. Co.,* 86 Miss. 129, 38 So. 773, the court said:

"In our opinion, Code 1892, section 4313, has no application to the facts of the instant case. That section was intended to conserve the convenience and comfort of the traveling public, first, by providing comfortable and cleanly rooms for their reception and accommodation; and, second, by protecting them from boisterous and offensive conduct from others. This section attempts to achieve the desired end by imposing it as a positive duty on all railroad companies at every passenger station to keep open, under the conditions and for the time stated therein, cleanly, warm, and properly lighted reception rooms, and by vesting the person in charge of such rooms with necessary power as a conservator of the peace. But appellant at the time of the difficulty of which he now complains, though in fact due to his own reprehensible language and aggressive conduct, was not in the room so prepared, but in another part of the depot building, into which he had gone in furtherance of his personal ends and in willful disregard of an established rule of the appellee. We hold that every prospective passenger or other person lawfully entitled to the use of the reception rooms at a passenger station, and whose own conduct is not boisterous or offensive, is pro-

tected in such use by the provisions of the section cited. But that statute cannot be so extended as to cover a difficulty of a personal nature, not growing out of or connected with the service of the employee or the business of the master, arising between two individuals not in the reception room even though one of the parties should be an employee of the railroad company owning or controlling the depot."

We have here an altercation purely personal to appellant's depot agent and appellee, entirely disconnected from the business of appellant as a common carrier of passengers and freight; and which arose between them, not in the reception room of the depot, but while appellee was outside of and away from the depot. The statute cannot be extended so as to cover such an injury occurring as did appellee's. We conclude, therefore, that the trial court erred in refusing to direct a verdict for appellant. And this view necessarily disposes of the cross-appeal adversely to appellee.

Reversed and judgment here for appellant.

              *Reversed.*