## GULF & S. I. R. Co. *v.* EATON.*

(Division A.  Feb. 27, 1928.  Suggestion of Error Overruled March 12, 1928.)

[115 So. 726.  No. 26963.]

1. RAILROADS. *Statute requiring reception rooms for passengers held not available to one carrying mail from mail car to post office under government contract (Hemingway's Code 1927, sections 7651, 7652).*

   One carrying mail from defendant railroad's mail car to post office and from post office to mail car under contract with government was not within provisions of Hemingway's Code 1927, sections 7651, 7652 (Code 1906, sections 4866, 4867), requiring railroad to have reception rooms for passengers, since plaintiff while at station was not, and did not intend to become, a passenger on any of defendant's trains.

2. RAILROADS. *Railroad owed one carrying mail from mail car to post office duty to exercise reasonable care for his safety while on its premises.*

   One under contract with government, carrying mail from railroad's mail car to post office and from post office to mail car, was under implied invitation from railroad to be on railroad's premises for purpose which was to their mutual advantage, and railroad owed him duty to exercise reasonable care for his safety while on its premises.

3. RAILROADS. *Railroad owed one carrying mail between mail car and post office no duty to provide room in which to await arrival of trains.*

   Railroad company engaged in transporting mail for government was under no duty to one carrying mail from post office to defendant's mail car and from mail car to post office, under contract with government to provide room in which he could await arrival of its trains.

---

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 655, n. 69; p. 762, n. 26; As to duty of railroad company to furnish a reasonably safe passage to and from its mail cars, see 22 R. C. L. 920.

APPEAL from circuit court of Covington county. HON. M. S. CONNER, Special Judge.

Action by George Eaton against the Gulf & Ship Island Railroad Company. From the judgment, defendant appeals. Reversed, and cause dismissed.

*Chas. N. Burch* and *T. J. Wills,* for appellant.

The trial judge, in overruling the motion for peremptory instruction, stated that in overruling the motion that he put it on the theory that the plaintiff, as the mail carrier for the United States Government, occupied the same relationship with the railroad as a passenger. He directed the attorneys to draw their instructions accordingly. The plaintiff had entered into a contract with the United States Government to carry the mail from the mail trains to the post office and from the post office to the mail train. He received the mail from the United States mail clerk on the train and delivered the mail, which he brought from the post office, to the mail clerk. His dealings and relationship was with the mail clerk on the train and not with any person at or about the depot, station or grounds, or any person connected with the depot and grounds. In discharging this duty the plaintiff was acting for his own benefit, convenience and remuneration. 22 R. C. L. 918: "A person who does not go upon the premises of a railroad company as a passenger, servant, trespasser, or as one standing in any contractual relation to the company, but who is permitted by it to come upon its premises for his own interest, convenience, or benefit, is generally held to be on such premises as a licensee within the rule just laid down." The only duty that the railroad owes to a person situated in the position in which the plaintiff was situated is not to willfully or wantonly injure him by gross negligence of itself, its agents or employees. The holding of the court, in the trial of the case, that the defendant railroad company owed to the plaintiff the same duty that it owed to passengers was erroneous and unsupported by reason or

authorities. A case similar by analogy but not in point of fact, is *Pittsburg Ft. Wayne & Chicago R. R. Co.* v. *Bingham,* 23 Am. Rep. 751.

In carrying the mail for the United States Government it is not shown that the railroad contracted to build stations, depots or other places for employees of the railroad to stand, sit or sleep while waiting to discharge the duty that may exist between such governmental employee and the government.

Section 9235, Hemingway's Code 1927, specifically provides that every railroad shall keep rooms open for the reception of passengers at all passenger stations at least an hour before the arrival, and one-half hour after the departure of passenger trains, etc. This legislative enactment is intended solely for the protection and convenience of passengers and not for the comfort, convenience and pleasure of licensees, invitees, trespassers or other persons who may come upon the premises of the railroad company without the intent of becoming passengers thereof.

We submit that there is no liability under the proof in this case, and the court should have peremptorily charged the jury to find for the defendant. The case should be reversed, and since there is no liability, judgment should be entered for appellant.

*W. U. Corley,* for appellee.

Appellee was more than a licensee, and being more than a licensee, was entitled to protection at the hands of appellant. It was necessary to have mail messengers to care for the mail pending the arrival of trains, and the departure of trains, and to convey same to and from the various post offices. Appellee knew these facts. He also knew that appellant had, owned, and operated a depot in his town, in which waiting rooms and fires were maintained. With these conveniences in view, he cast

his bid for and obtained the job. The court below held that he was entitled to protection, and this is the question now passed up to this court, according to their statement to say whether or not a railroad must make provisions, or any provisions for the protection of those working for its interest. If this court insist that the court below was wrong, then the mail messengers on the train can be cut loose from the steam. The express men's train can be cut loose also, but most of all the mail messenger when he arrives at the depot, must stand without in the rain and cold and await the arrival of trains.

Section 7652, Hemingway's Code, specially provides that all rooms are to be kept and made comfortable. It is evidently true, that the entire outfit was negligent in the management of their business, or the business of the railroad company. Section 6678, Hemingway's Code specially provides that "every railroad company shall be liable for all damages which may be sustained by any person in consequence of the neglect or mismanagement of any of its agents, engineers or clerk, etc." This section has an application in this case.

Smith, C. J. The appellant, a common carrier, is engaged in transporting mail for the government. During the year 1925, the appellee, under a contract with the government, carried mail from the post office at Seminary to the appellant's mail car and from the car to the post office. In March, 1925, the appellant's station house at Seminary was destroyed by fire, and, for reasons not necessary here to be set forth, it was not rebuilt until early in the next year. During the intervening time, the station was not provided with a waiting room and other conveniences of like character. The appellee sued the appellant and recovered a judgment against it for damages which he claimed to have sustained because of exposure to the weather while awaiting the arrival of the appellant's trains that were transporting the mail, and which he would not have sustained had the appellant sea-

sonably rebuilt its station house and included therein a waiting room kept properly heated. The court below was requested, and erroneously refused, to direct a verdict for the appellant.

The appellee, while at the station, was not, and did not intend to become, a passenger on any of the appellant's trains, and therefore is not within the provisions of sections 4866 and 4867, Code of 1906 (sections 7651 and 7652, Hemingway's Code 1927). *L. & N. R. R. Co. v. Corlander,* 129 Miss. 24, 91 So. 699. It is true that the appellee was on the appellant's premises, under an implied invitation from the appellant so to be, for a purpose which was to their mutual advantage, and, consequently, the appellant owed him the duty to exercise reasonable care for his safety while on its premises (*Atchison, etc., R. Co. v. Jandera,* 24 Okl. 106, 104 P. 339, 24 L. R. A. (N. S.) 535, 20 Ann. Cas. 316; *Hale v. Grand Trunk R. Co.,* 60 Vt. 605, 15 A. 300, 1 L. R. A. 187), but did not owe him the duty of providing a room in which he could await the arrival of its trains. Compare *Piper* v. *Boston & M. R. Co.,* 75 N. H. 228, 72 A. 1024.

*Reversed, and cause dismissed.*