ALABAMA & VICKSBURG RAILWAY COMPANY *v.* PETER McAFEE.

1. RAILROADS.  *Tort of employe not engaged in master's service.*

It, while riding on a train without paying his fare, one is injured by an employe of the railroad, who is at the time engaged in a scheme of his own, and not in the company's service, he has no redress against the railroad company.

2. SAME.   *Tort of servant.   Case in judgment.*

Plaintiff, who paid no fare, took passage on a freight-train, not intended for passengers, under an agreement with the trainmen by which he was to work his way.   After the train had proceeded part of the way, and he had rendered some service, one of the crew, a brakeman, collected part of the fare, and attempted to take money from his pocket. In the struggle that ensued, he fell, or was pushed, from the running train, and was injured.   *Held,* that he could not recover damages from the railroad company.

FROM the circuit court of Rankin county.

HON. A. G. MAYERS, Judge.

Appellee, an unlettered negro, who lived at Brandon, purchased of appellant an excursion ticket from that place to Jackson and return.   He was left by the passenger-train at Jackson, and, seeing a freight-train of appellant about ready to leave in the direction of Brandon, he arranged with the crew to take passage home thereon, agreeing to work in lieu of paying fare.   He assisted in unloading freight at Pearson, an intermediate station where the train stopped, and rendered some other service on the way.   After the train left Pearson, according to his testimony, one of the crew, who turned out to be a brakeman, demanded payment of his fare, and he paid twenty-five cents, whereupon the brakeman insisted upon the payment of more, the fare being forty-five cents, and, in a struggle which ensued, he fell from, or was pushed off, the running train.   He testified that this employe

attempted forcibly to take his money, and pushed him off. He sustained injuries, for which this action was brought.

Defendant's testimony tended to show that passengers were not allowed on this train; that the conductor knew nothing of the arrangement made by the plaintiff to travel thereon, or the effort to make him pay fare; and that while brakemen sometimes collected fares, they had no authority to do so. In his testimony, the brakeman denied that he attempted forcibly to take plaintiff's money, and said that when he spoke to him about the payment of the balance of the fare he jumped off. The court refused to instruct for defendant.

The instruction referred to in the opinion is as follows: "The court instructs the jury, in behalf of plaintiff, that even though plaintiff may have gotten on the train without any right, and even if he was a trespasser on the train, the defendant had no right to eject him in a way that would endanger him or hurt him; and if the brakeman knocked or shoved him off while the train was moving, the defendant is liable to the plaintiff for such damages as he sustained."

Verdict and judgment in favor of plaintiff for $500. Motion for new trial overruled. Defendant appeals.

*W. L. Nugent*, for appellant.

The case of *Railroad Co.* v. *Phillips*, 64 Miss., 693, does not change the general rule in this state and make the master responsible for the torts of its servants under all circumstances. It has never been held that such torts are chargeable upon the master, unless committed by the servant when in his master's service. Here the brakeman was not authorized to collect fares. He was stealing on his own hook.

The court erred in giving the instruction asked by plaintiff. It is not the law that the company was liable for the violence of a brakeman outside the line of his duty. The case called loudly for a peremptory instruction in favor of the defendant.

Unless railroad companies, as to trespassers on their trains,

are sureties for their servants and bound for their acts, the plaintiff had no case.

*P. Henry* and *A. J. McLaurin*, for appellee.

1. If it be true that this train was forbidden to carry passengers, it does not follow that plaintiff was improperly on it. The persons in charge of the train invited him to travel on it, and passengers are carried on some freight-trains. On this point, see *Railroad Co.* v. *Baugh*, recently decided by the supreme court of the United States.

2. Conceding that the plaintiff was improperly on the train, it was for the jury to decide whether, under the circumstances, the defendant was liable for having used improper means to put him off. *Railroad Co.* v. *Phillips*, 64 Miss., 693.

3. It is immaterial that the injury resulted from the wilful act of the defendant's servants, as was held in the case just cited. The company could not employ irresponsible servants and escape liability for their acts. Railroads are authorized to be constructed more for the public good than for private gain. *Barton* v. *Barbour*, 104 U. S., 126. If they are held to a reasonable account, they will be careful in the selection of servants. Public policy requires that their servants should not be allowed to wantonly hurt persons on their trains whether they have authority to allow such persons to board them or not. Here the employes, by acting, professed to have authority to receive plaintiff on the train. *Railroad Co.* v. *Brooks*, 69 Miss., 168.

4. It is immaterial that the injury was caused by the brakeman instead of the conductor. All the servants on the train were acting for the employer. To follow the doctrine asserted by opposite counsel to its legitimate conclusion, would be to exempt a railroad from all liability except for the acts of the president of the company.

Argued orally by *W. L. Nugent*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

On the testimony of the plaintiff himself the verdict should have been for the defendant. He shows that he fell among thieves, and, in being robbed, was pushed off the car and hurt. He had made an arrangement with the crew in charge of the train to work his way to Brandon, and suffered wrong at their hands, but he has no claim on the railway company for the wrong resulting from the disastrous consequences of his own venture. The people who wronged him were not serving the company in what they did. The whole thing was an unauthorized arrangement to suit the views of the participants, and not to serve the company, and it is not responsible for what happened by design· or accident.

The first instruction for plaintiff is wrong, as applied to this case. It is true that even a trespasser on a train must not be knocked off by the servant of the company engaged about his master's business in putting him off, but that rule has no application here, where the plaintiff suffered injury from his own comrades, engaged not in serving the railway company or about its business, but illegally engaged in a scheme of their own, in violation of duty to the company, participated in by the plaintiff. He has no claim against the company he wronged by attempting to ride on its train without paying fare, and must look for redress for the wrong done him to the person who did it.

The peremptory instruction asked by the defendant might well have been given.

*Reversed, and remanded for a new trial.*