ALABAMA & VICKSBURG RAILWAY COMPANY ET AL. v. JOSEPH
HARZ.

[42 South. Rep., 201.]

1. MASTER AND SERVANT. *Railroads. Servant's torts. Master's liability.
Assault and battery.*

A railway company is not liable for an assault and battery com-
mitted within its depot grounds by the chief clerk of its superin-
tendent upon a former employe whose discharge he had procured
three days before.

2. SAME. *Testimony as to facts about which the altercation arose.*

Where on the trial of a civil action for an assault and battery it
appeared that a dispute between the parties arose three days
before the altercation wherein defendant asserted that he had
paid money to plaintiff, and plaintiff denied the statement, it was
not error to exclude the testimony of a third person that he saw
the payment made.

3. SAME. *Evidence. Rejected but afterwards admitted.*

Reversible error cannot be predicated of the exclusion of evidence
when first offered, if it be afterwards introduced.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Harz, the appellee, was plaintiff in the court below; the rail-
way company and Moncure Dabney, appellants, were defendants
there. The action was trespass for an assault and battery com-
mitted by Dabney, who was the chief clerk of the railway com-
pany's superintendent, upon plaintiff. From a judgment for
$1,000 in plaintiff's favor against both defendants they appealed
to the supreme court.

Harz was a stenographer and clerk in the office of the superin-
tendent of the Alabama & Vicksburg Railway, and Dabney
was chief clerk in the same office. A small sum of money

had been collected from a passenger for damage to a window, and, when it reached the superintendent's office, Dabney, in the course of his duties, dictated a letter to Harz as stenographer, to the company's treasurer, stating that he was remitting the money. The treasurer replied that he did not receive the money. Dabney then told Harz that he had delivered it to him at the time he dictated the letter. Harz denied ever having received the money. Dabney then called upon Harz as stenographer to take down a letter to the treasurer to the effect that he had delivered the money to his stenographer. When this point in the letter was reached, Harz refused to write, giving as his reason that such was not the fact. After some words had passed, Dabney told him that he would either write the letter or be discharged. Harz refused to write, and Dabney, after seeing the superintendent, ordered him discharged. Three days later Dabney met Harz on the depot platform of the railway company, and assaulted and struck him. Harz brought suit against the railway company and Dabney, alleging in his declaration that the assault was unwarranted and without provocation, and committed by an employe of the railway company while about his master's business. On the trial the court permitted evidence to be introduced as to the dispute between Harz and Dabney, and of the discharge of the plaintiff on that account. Witnesses testified to the language used in the dispute by Harz, which Dabney claimed to be insulting and the provocation for the assault. The court at first refused to permit Dabney to testify whether he was acting for himself or for the company in committing the assault, but afterwards permitted him to testify on this point, and in answer to the question he stated that he "was acting on his own personal account." The defendant attempted to show by a witness that he had seen Dabney give Harz the money, but this proffered testimony was excluded as being immaterial to the issue.

*McWillie & Thompson,* for appellants.

This court has laid down the law applicable to the case in an able and elaborate opinion. *Richberger* v. *Express Co.,* 73 Miss., 169 (s.c., 18 South. Rep., 922).

The assault made by Dabney was not in his master's business, being wholly separated in time and by the attendant circumstances from the business he had with Harz about the company's little affair. Mr. Dabney was not employed to beat people and drive them away from the depot.

The verdict was against both the company and Dabney for $1,000, and on the motion for a new trial should have been set aside as contrary to both the law and the evidence, so far as the company was concerned, on the ground of non-liability, and so far as Dabney was concerned for excess in amount.

Dabney was asked on direct examination whether he was acting for himself or for the company when he struck the plaintiff. On plaintiff's objection the court refused to allow him to answer the question. The question went to intent on his part, it is true, and there are some cases holding that testimony as to one's intent is inadmissible, but there is much authority to the contrary, and an able text writer on evidence makes the matter too plain for doubt. 1 Wigmore on Evidence, sec. 581.

The defendants sought to prove by Mr. Day, one of the clerks in the Vicksburg office, that he saw Mr. Dabney hand the money to Harz, but, on objection of plaintiff, the court refused to allow the witness to testify. This was clearly erroneous. While it had no bearing on the question of the liability, it certainly was admissible in mitigation of damages, for it went strongly to show that Harz had falsely and brazenly persisted in denying the truth of Dabney's statement and impeaching his integrity—conduct well calculated to incense him. Even if liability be admitted, the verdict is excessive, and might have been much less had the jury heard the testimony of Day. The company was equally interested in having the damages mitigated, for the plaintiff was

not entitled in a suit against both master and servant to recover against the master any greater amount of damages than it was entitled to recover against the servant whose acts constituted the sole ground of complaint.

The characterization of Dabney's statement as a lie was provocation for an assault. In Mississippi "it is regarded as the first lick," and the whole evidence shows that it was a sense of this indignity that led Dabney to make the assault.

If the party claims damages not merely for the naked assault, but for his wounded feelings, and seeks to inflame the jurors by showing that he had been publicly insulted by opprobrious language used with the evident intent to degrade him in the eyes of his fellow citizens, may not the defendant be allowed to show that the complainant had himself been guilty of using like words, or by his conduct, and by insults and provocations, had really been the cause of the assault? The plaintiff may have been passive and silent at the moment of the assault, while the defendant was violent and denunciatory; and if no facts can be shown beyond those transpiring at that meeting, the plaintiff would present a case, apparently calling for exemplary damages, while, if the whole truth was brought out, the defendant would appear the least in fault, so far as regards provocation.

There is an instinct, or if not quite that, a dictate of common sense, which is neither wise nor hardly possible for the law to disregard, that a man should not have pecuniary recompense for injured feelings or public degradation when he has himself outraged the feelings of another, or so conducted himself as justly to excite public odium by open contempt of the decencies of life. The law will protect the hand from actual violence upon it, although it may sadly need ablution, but beyond this will require "a show of hands" before it will adjudge damages for an alleged defilement. *Prentiss* v. *Shaw,* 96 Am. Dec., 475 (56 Me., 427).

*McLaurin & Thames,* and *J. D. Thames,* for appellee.

The true test of the liability of the railroad company is, as

laid down in *Richberger* v. *Express Co.,* 73 Miss., 161 (s.c., 18 South. Rep., 922), whether at the time the assault was committed, Dabney was about his master's business. That being the law, and it also being the law laid down in the same case, that a corporation is liable for torts of its servants, and another case says: "A corporation is liable for the torts of its servants in the same cases and in the same manner and form of action as other masters." *Central, etc., R. R. Co.* v. *Brown,* 109 Ga., 250, and numerous other cases that it is unnecessary to mention, that it is a matter of fact for the jury to pass upon all the surrounding facts and circumstances, whether or not Dabney was about his master's business at the time the assault was committed.

"Whether a particular act of a servant was or was not done in the line of his duty is, in most cases, a question of fact to be determined by the jury from the surrounding facts and circumstances." *St. Louis, etc., R. R. Co.* v. *Hendricks,* 3 Am. St. Rep., 220; *Ritchie* v. *Waller,* 38 Am. St. Rep., 361; *Rahn* v. *Singer Mfg. Co.,* 26 Fed. Rep., 912.

Whether a servant did a tortious act with a view to his master's service, or to serve a purpose of his own, is a question of fact for the jury. *Dooley* v. *Town of Sullivan,* 2 Am. St. Rep., 212; *Chickering* v. *Bastress,* 17 Am. St. Rep., 312.

The court below was clearly right in sustaining the objection of appellee's counsel to the question, "Were you acting for yourself or for the railroad when you hit him?" This was a question of his intent, and was clearly inadmissible, as it was for the jury and not for the witness to say who he was acting for.

The court was right in not allowing the witness, Day, to testify, because it is not now, nor never has been proper, to allow one witness to contradict another on an immaterial point.

WHITFIELD, C. J., delivered the opinion of the court.

The case of *Richberger* v. *Express Company,* 73 Miss., 161 (18 South. Rep., 922; 31 L. R. A., 390; 55 Am. St. Rep., 522),

is decisive against liability on the part of the railroad company on the facts in this record.

On behalf of appellant, Dabney, it is said that the court erred in not allowing Dabney to state whether he was acting for himself ·or the company in committing the assault. It is true that the court did first so refuse to let him testify, but in less than ten lines below the record shows that he was allowed to testify on this point. There is no merit, therefore, in this objection.

The testimony of the witnesses, Robinson and Fourshay, was allowed to go to the jury in full by the court. The defendant, Dabney, thus got the full benefit of the alleged provocation, although the provocation had been given three days before.

The ingenious argument of counsel to show that the witness, Day, should have been permitted to testify that he saw Dabney hand the money to Harz is clearly seen, in its last analysis, to be fallacious. The learned counsel for appellant relies on the case of *Prentiss* v. *Shaw,* 96 Am. Dec., 475, and it must be admitted that it fully sustains their contention to the effect that such testimony is competent to mitigate the damages which the jury may impose by way of punishment, although not competent to mitigate actual damages. Our own court, in *Martin* v. *Minor,* 50 Miss., 42, has laid down the correct doctrine on this subject, which we now reaffirm. The case of *Prentiss* v. *Shaw, supra,* is a remarkable case of judicial special pleading, and strikes us as a very ingenious, but thoroughly unsound, effort to change a settled rule of evidence to suit the political exigencies of a very unique case. It is not supported by any authority whatever.

*It results from this that the judgment of the court below is reversed as to the railroad company, and the suit as against the railroad company is dismissed, and judgment as against appellant Dabney is affirmed.*