HINES, DIRECTOR GENERAL OF RAILROADS, ET AL. *v.* COLE.
APPEAL from circuit court of Warren county.

[85 South. 199. In Banc. No. 21210.]

1. MASTER AND SERVANT. *Responsibility for assault by fellow servant stated.*

   The master is not liable for the wrongful assault by one servant on another, unless the servant in making the assault was acting within the course of his employment, with a view to his master's business.

2. MASTER AND SERVANT. *Fellow-servant rule stated.*

   The rule at common law is that a master is not responsible to a servant for an injury sustained by him because of the negligence of another servant while both were engaged in the same service, with this exception, that a master who negligently or knowingly employs or retains in his service an incompetent servant is liable for injuries to a fellow servant, through the incompetency of the servant so employed and retained, unless the injured servant has assumed the risks incident to such incompetency.

3. MASTER AND SERVANT. *Duty to select fellow servants stated.*

   The duty of the master to exercise care in the selection of fellow servants extends only to the selection of such as possess the qualifications, mental, moral, and physical, which will enable them to perform their duties without exposing their coemployees to greater dangers than the work necessarily entails.

4. MASTER AND SERVANT. *Responsibility for wrongful act of fellow servant stated.*

   When the fellow-servant rules does not apply, the master is responsible for an injury wrongfully inflicted by one servant on another, when acting within the course of his employment, with a view to the master's business, although the master was not negligent in employing such servant, or in retaining him in his service.

5. APPEAL AND ERROR. *On reversal where record presents nothing for jury, judgment will be rendered for appellant.*

   Where the court below should have directed a verdict for appellant, judgment will be reversed because of its failure to do so; and,

where the record presents no question of fact to be ascertained by jury, final judgment will be rendered for appellant in the supreme court, under Code 1906, section 4919 (Hemingway's Code, section 3195).

HON. E. L. BRIEN, Judge.
Action by L. M. Cole against Walker D. Hines, Director General of Railroads, and another. From a judgement for plaintiff, defendants appeal. Reversed and rendered.

*Hirsh, Dent & Landau,* for appellant.

Facts show no liability. Peremptory instructiin should have been given defendant. Plaintiff injured in fight, personal to himself and his antagonist. *Railroad Company* v. *McAfee,* 71 Miss. 70; *Railroad Company* v. *Harz,* 88 Miss. 681; *Railroad Company* v. *Latham,* 72 Miss. 35, 36.

Plaintiff Cole, and employee Cannon, foreman of equal rank, fellow-servants, violate rule of defendant—curse and assault each other. Cole is injured, defendant not liable; peremptory charge for defendant should have been given. *Lagronne* v. *Railroad Company,* 67 Miss. 592; *Givens* v. *Railroad Campany,* 94 Miss. 830; *Edwards* v. *Lumber Campany,* 113 Miss. 378; *Canton Campany* v. *Pool* 78, Miss. 147;

*Arkansas Natural Gas Company* v. *Lee,* (L. R. A. 1916), ch. 1200; 171 S. W. 93; *Tessie Roebuck, Admrx,* v. *Atchison, Topeka & Santa Fe Railway Company,* (L. R. A. 1917E.), 741, 162, Pac. 1153.

We can conceive, as in the case of *Y. & M. V. R. R.* v. *Hare,* 61 So. 648, where it was within the scope of the employee's duty to make arrests or to preserve order, and the employee thus engaged, attempts to make an arrest or stop a fight between two employees and uses excessive force on one of them, and inflicts an injury, the master would be liable, *Nettle* v. *Flower City*

*Ornamental Iron Works,* 148, N. W. 43. However, we have been unable to find, after a most diligent search, any case where two employees of equal rank, working together at the same work, have a disagreement about the work or the manner of doing it, which may be trifling or important, and on account of the infirmity of temper, they curse and abuse each other and come to blows as a result of which the master has been held liable for the injury to one of or both of them. We do not believe this court will so hold.

Punitive or exemplary damages are not recoverable against the director general of railroads, agent of the government of the United States. Puntitive damages improperly awarded.

Punitive damages are not even recoverable against a municipal corporation, in the absence of a statute authorizing their 'infliction. *Bennett* v. *City of Marion.* 102 Iowa 425; S. C., 63 Am. St. Rep. 454; 1 Sutherland on Damages, p 758. (Cited in some edition as sec. 412) ; *McGray* v. *Lafayette,* 12 Rob. (La.) 674; S. C., 43 Am. Dec. 239; note 59 Am. St. Rep. p. 602; Elliott on Streets, p. 652; *Louisiana* v. *McAdoo,* 58 L. Ed. 1506; *Minn* v. *Hitchcock,* 185 U. S. 387; 46 L. Ed. 954-962; *Kansas* v. *U. S.,* 204 U. S. 331-333; 51 L. Ed. 510; *Dahn* v. *McAdoo,* 256 Fed. 549; *Rutherford* v. *Union Pacific R. R. R. Co.,* 254 Fed. 880; *Castle* v. *Southern Ry. Co.,* 99 S. E. 846; *Northern Pacific R. D. Co.* v. *North Dakota,* 250 U. S. 135, 63, L. Ed., 897'; *Jackson Tweed Lumber Co.* v. *Southern Ry. Co.,* 101, S. E. 924; *Railroad Company* v. *Hardie,* 55 So. 967.; *Railroad Company* v. *Williams,* 87 Miss. 344; *Pullman* v. *Lawerence,* 74 Miss. 810, 22 So. 53'; 16. Rose Notes, United States Reports, page 247, et seq. (1919, Ed) ; *Washington Gas Light Company* v. *Lansen,* 172 U. S. 544; *Schultz* v. *Brown,* 256 Fed. 187; Circuit Court of Appeals, Ninth Circuit, March 3, 1919; *Voves* v.

*Great Northern R. R. Co.,* 48 L. R. A. (N. S.) 30; *Medlin Milling Company* v. *Boutwell,* 34. L. R. A. (N. S.) 909, 133 S. W. 1042; Instructions granted plaintiff erroneous. Not applicable to the law or the facts of this case.

These instructions are as follows: Instruction No. 1. The court instructs the jury for the plaintiff that if you find for the plaintiff, you may in addition to actual damages allow the plaintiff such sum as you may think proper and right by way of punitive damages, by way of punishment to the defendant, provided, you, further believe from a preponderance of the evidence that the assault by Cannon on plaintiff was not in self-defense, but was made by him willfully and wantonly."

This instruction should never have been given in any form, as it is inconsistent with section 10 of the Act of Congress, approved March 28, 1918, entitled: "An act to provide for the operation of transportation systems while under federal control, for the just compensation of their owners, and for other purposes. Said instruction is also in conflict with General Order No. 50-a, which provides in effect that actions, suits and proceedings for the recovery of fines, penalties and forfeitures, shall not be brought against the director general. (See copy of General Order N. 50-A, appendix). This instruction also authorizes the jury to allow the plaintiff such sum as they may think proper and right by way of punishment to the defendant.

Judge TRULY, speaking for the court in *Railroad Company* v. *Magee,* 93 Miss. 200, says: "Instructions should always state that the jury are entitled to award such damages as the testimony may warrant; not whatever sum the jury may think right." *Railroad Company* v. *Smith,* 82 Miss. 657; *Warehouse Company* v. *Poole,* 78 Miss. 147; *Barmore* v. *Railroad Company,* 85 Miss. 426; *Richberger* v. *Express Company,* 73 Miss. 161.

Instruction No. 3. "The court instructs the jury for the plaintiff that while the burden of proof is on the

plaintiff to make out his case, he is not required to make the proof beyond a reasonable doubt, but all that is required is for him to make out his case to the satisfaction of the jury by a preponderance of the testimony and if you believe from a preponderance of the testimony, in the case that T. A. Cannon bore a bad reputation for peace or violence among the men at the shops where he and the other men worked and that his foreman or superior officers knew of his reputation as such or could have known with the exercise of ordinary care, then the defendant is liable to the plaintiff for damages; if you further believe from the testimony that he assaulted plaintiff not in self-defense while they were engaged, in and about the business for the defendant.''

This instruction is fatally defective for one of the reasons given with reference to instruction No. 1; that is, that not only must Cannon have been engaged in and about the business for the defendant but he must have committed the deed while acting within the scope or apparent scope of his authority in furtherance of the purpose for which he was employed. Cannon's bad reputation was only placed before the jury for the purpose of lending color to plaintiff's claim. The question as to whether his reputation was bad was submitted to the jury to determine on the evidence in this instruction; however, in instruction No. 4, given for the plaintiff, the court assumes, as a matter of law, that said Cannon was a dangerous man and bore a bad reputation as such among other employees and in instruction No. 5, provides you further believe that the employer had notice that said Cannon was a man of vicious character. Therefore, the only semblance of defense the defendant had to place before the jury was that Cannon assaulted plaintiff in self-defense.

Instruction No. 4. ''The court instruction the jury for the plaintiff that if you believe form the evidence in this case that A. T. Cannon, an employee of defendant,

struck, cursed and abused the plaintiff, while engaged
in and about the business of his employer, without cause
and that the defendant, through its agent and employees
had notice that said Cannon was a dangerous man and
bore a bad reputation as such among the other employ-
ees, then you will fine for the plaintiff and assess his
damages· at such sum as you may think from the evi-
dence he is entitled to recover. This instruction is fatal-
ly erroneous in that it assumes that said Cannon was a
dangerous man and bore a bad reputation as such among
the other employees. *Myric* v. *Wells,* 52 Miss. 159; *Cole-
man,* v. *Adair,* 75 Miss. 660; *Express Company* v. *Jen-
nings,* 86 Miss. 329.

Instructing No. five given for the plaintiff is as fol-
lows: The court instructs the jury for the plaintiff that
the master or employer is responsible for the acts of his
servants when such acts are performed in and about the
business for the master or employer, and that if you be-
lieve from the evidence in this case, that Cannon as-
saulted the plaintiff without justification not in self-de-
fense, you will find for the plaintiff and assess his dam-
ages in such sum as you may think from the evidence he
suffered, if any, provided you further believe that the
employer had notice that said Cannon was a man of vic-
ious character. Instruction requested by the defendant
should have been given. Reversible error committed by
refusal of same. *Railroad Co.* v. *Shelby,* 95 Miss. 155;
*Railroad Co.* v. *Shelby,* 95 Miss. 155.

The court instructs the jury for the defendant that if
they believe from the evidence that the blow or blows
given the plaintiff in this case, grew out of a private dif-
ficulty between the plaintiff and the said employee, Can-
non, and that at the time the said Cannon struck the
plaintiff he was acting as an individual in resenting an
insult, or an insulting remark made to him, or in protect-
ing himself from an attack by the said plaintiff, then
and in that event they will find for the defendant, and

this too, regardless of the facts of whether or not the plaintiff may or may not have been injured in the altercation.

It was error to refuse this instruction. *Railroad Co.* v. *Shelby, supra.* Respectfully submitted.

*Chaney & Ramsey,* for appellee.

We do not make the contention that a master is liable for damages where two fellow-servants have a fight and one is thereby injured, as is argued by the appellant. Our contention is that the defendant in this case is clearly shown to be liable regardless of whether or not the men were of equal rank or not because of the fact that it retained in its service a man whose reputation it knew or ought to have known was that of a violent and dangerous man. There is no question but that the defendant knew, through its officers and agents, that Cannon was a violent criminal.

It would make no difference whether the injury resulted from negligence in doing the work of the master or from an assault by an employee whose reputation was that of a violent criminal or the reputation was such that the defendant might reasonably have foreseen the resultant consequences. We do not contend that the master insures an employee against his employeees for the assaults of another, but that he does owe to his employees the duty of using reasonable care and caution in the selection and retention of competent fellow-servant and not to employ and retain in service one who is known to be violent, oppressive and dangerous. If the master does not perform this duty he is liable for damages to one who is thereby injured, not necessarily because of any negligence or carelessness of such employee, but because of his own negligence toward the injured employee in employing and retaining in service an employee known to be violent, dangerous and oppressive.

If one retains in his service an emloyee who is so notoriously unfit to work and associate with other employees and with law abiding and, respectable people, that none of his associates can say one good word of him, it is most unreasonable to assume that the employer knew nothing of his reputation. If he doesn't know, he ought to and his failure is itself negligence. *Yazoo & Mississippi Valley, R. R. Co.* v. *Hare,* 104 Miss. 564.

Punitive Damages. The act of Congress known as the Federal Control Act does not revoke the right to recover punitive damages, directly nor by implication. The act specifically provides, to the contrary, that no defense shall be made upon the ground that the railroads are under federal control. Section 10, quoted in part in brief for appellant, provides that actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier. No defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. The act in question provides how suits may be brought against the carrier, not against the federal government, and this suit is not against the federal government, as the appellant argues.

Appellant in its brief refers to the case of *Louisiana* v. *McAdoo,* 58 L. Ed. 1506, which has no application whatever to the case at bar, as the court will observe from a casual reference thereto. It was a suit against Mr. McAdoo, not as Director General of Railroads, but as Treasurer of the United States. In the case of *Louisville and Nashville Railroad Company* v. *Steele,* 212 S. W. 878, the right of action under section 10 of the Federal Control act, is sustained by the court.

It is generally conceded by all of the courts that the right of action against the carriers remain unimpaired and that the only restriction is the denial of the right to

have execution issued against the property of the carriers. *Lavale* v. *Northern P. R. Co.,* 172 N. W. 918; *L. & N. Railroad Co.* v. *Western Union Telegraph Company,* 250, U. S. 363 (Kansas); *McLeod* v. *New England Tel. Co.,* 250 U. S. 63; *Kansas* v. *Burleson,* 250 U. S. 188; *Nueces Valley Townsite Co.* v. *McAdoo,* 257 Federal 143; *Southwestern Telegraph Co.* v. *Houston,* 256 Federal 690; *Jensen* v. *Lehigh Valley R. Co.,* 255 Federal 795; 4 A. L. R. 1710 to 1721.

Punitive damages are awarded not alone as a punishment to the defendant, but as a compensation to the plaintiff for the wrong suffered. Such damages are awarded on the theory that the injury is greater and the damages are increased by reason of the aggravating circumstances. 8 R. C. L, pages 131-132. . . A suit against the director general as we have previously stated, is not, in fact, a suit against the federal government, but against the railroad of which he is the director general. The money received from the operation of the railroads is not turned into the treasury department of the United States, but remains with the proper officials of the various roads just as it did before the passage of the act, and accounted for in the same manner as before. *Johnson* v. *McAdoo,* 257 federal 757; *Postal Telegraph Co.* v. *Call,* 255 federal, 850.

Instruction number one properly announces the law with reference to punitive damages. *Y. & M. V. R. R. Co.* v. *Williams,* 39 So. 489. Instruction number three for the plaintiff which the court will find on page 25 of brief for appellant, has been the law from time immemorial. If Cannon bore a bad reputation at the shops among the men for the peace or violence and if his superior officers knew or could have known of such with the use of ordinary care, then the defendant is liable, provided he assaulted the plaintiff, not in self-defense while they were engaged in and about the masters buisness. That

this is the law cannot be seriously questioned and that is the rule which is announced in the instruction.. *Railroad Company* v. *Hare,* 104 Miss. 564; *M. K. & T. Ry. Co.* v. *Day,* 34 L. R. A. (N. S.).

We. shall not go over each of the instructions given and refused defendant. The court will find that the defendant was given every instruction asked for, that it was entitled to. Instruction number twelve, for instance on page 33 of its brief, tells the jury that if they believe from the evidence that Cannon struck plaintiff about insulting words to him, Cannon, or to protect himself then the defendant is not liable. In the eight or nine instructions given defendant as set out on pages 33, 34, 35 and 36 of its brief it was given the benefit of every question raised, and in fact four of the instructions given defendant should have been refused. Taking all of the instructions as a whole, however, we think the law was properly announced and we are more than confident that this court will so hold.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee damages because of an assault made upon him by an employee of the appellant. The appellee and one Cannon were employed by the appellant in the repair shops of the Yazoo & Mississippi Valley Railroad at Vicksburg, the appellee being the foreman of a crew which repaired the metallic portions of freight cars, and Cannon being the foreman of a crew which repaired the wooden portions thereof. Each of them were of equal rank and reported to the same superior officer. Neither had any supervision of or connection with the work of the other, except that Cannon had the right to designate the cars to be repaired. On the occasion in question, the appellee, while engaged in repairing the metallic portion of a car, tore out a portion of the wooden flooring there-

of in order to facilitate the making of the repairs by him
and his crew. Cannon then appeared upon the scene, ob-
jected to the appellee's removing any of the flooring of
the car, as so to do was an encroachment upon his (Can-
non's) work, resulting in a fight between them, in which
the appellee claims to have been injured, and that Can-
non was the aggressor. According to the evidence for
the appellee, Cannon's reputation for peace and violence
is bad. One of the assignments of error is that the court
below refused to direct verdict in the appellant's favor.

Counsel for the appellee do not, and could not success-
fully, contend that when Cannon assaulted the appellee
he was acting within the course of his employment and
with a view to his master's business. Their contention
is that the appellant was negligent in employing Cannon
and in retaining him in his service, for the reason that
he was such a violent and dangerous character as to be
a menace to the safety of his fellow-servants, which fact
was or should have been known to the appellant. Con-
ceding for the sake of the argument that this is true,
and assuming that the appellee was wrongfully assaulted
by Cannon, nevertheless he cannot recover if, as the
fact is, when he made the assault Cannon was not acting
within the course of his employment and with a view
to his master's business. 2. Cyc. 1539; 20 Am. & Eng.
Enc. L. (2d Ed.), 171; 18 R. C. L. 807; 6 Labatt on Mas-
ter and Servant (2d Ed.), section 2347; *Richberger* v.
*Express Co.*, 73 Miss. 161, 18 So. 922, 31 L. R. A. 390, 55
Am. St. Rep. 522; *Railway Co.* v. *Harz*, 88 Miss. 681, 42
So. 201; *Railway Co.* v. *McAfee*, 71 Miss. 70, 14 So. 260;
*Railway Co.* v. *Latham* 72 Miss. 35, 16 So. 757.; *Railroad
Co.* v. *Hare*, 104 Miss. 564, 61 So. 648. The rule attempted
to be invoked by the appellee is a relic of the old fel-
low-servant rule, which has been abolished in so far as
it applied to railway employees, both by our local stat-
utes and by the federal employers' Liability Act (U. S.
Comp. St. section 8657-8665), and as to such employees,

is no longer necessary to a recovery from the master for an injury inflicted by a fellow servant. The rule at common law as to fellow servants is that the master is not answerable to a servant for an injury sustained by him because of the negligence of another servant while both were engaged in the same service, with this exception, that a master "who negligently or knowingly employs or retains in his service an incompetent servant is liable for injuries to a fellow servant, sustained through the incompetency of the  servant so employed and retained, unless the injured servant has assumed the risks incident to such incompetency." 12 Am. & Eng. Enc. L. (2d Ed.), 910.

The duty of the master under this rule to exercise care in the selection of fellow servants extendes only to the selection of such as "possess the qualifications, mental, moral, and physical, which will enable them to perform their duties without exposing . . . their co-employee's to greater dangers, than the work necessarily entails. . . . The essential ground upon which the liability thus predicated is based is that 'the master impliedly contracts that he will use due care in engaging the services of those who are reasonably fit and competent for the performance of their respective duties in the common service.' A master, therefore, is not liable for injuries caused by the negligent act of an incompetent servant, where that act was not one of those which he was authorized to do." 3 Labatt on Master and Servant (2d Ed.), section 1079; Roebuck v. Railway Co., 99 Kan. 544, 162 Pac. 1153, L. R. A. 1917E, 741. The appellant's negligence vel non in the employment of Cannon and in retaining him in his service is therefore wholly immaterial, even under the rule attempted to be invoked by the appellee, since the assult by the Cannon upon him was not made in the course of Cannon's employment. The exception to the fellow-servant rule could not, in any event, be of any value here, or add anything to the ap-

pellee's right to recover; for, since the rule itself has been abolished, the appellant would be answerable to the appellee for the assault on him by Cannon had it been made in the course of Cannon's employment, although the appellant was without any negligence whatever in employing Cannon or retaining him in his service.

The court below should have directed a verdict for the appellant, and, because of its failure so to do, its judgment will be reversed; and, since the record presents no question of fact to be ascertained by a jury, judgment final will be rendered for the appellant here. Section 4919, Code of 1906 (Hemingway's Code, section 3195); *Hairston* v. *Montgomery,* 102 Miss. 364 59 So. 793.

Reversed, and judgment here for the appellant.