## Petroleum Iron Works *v.* Bailey.

### [86 South. 644. No. 21384.]

1. MASTER AND SERVANT. *Subforeman and employee fellow servants.*
   Where the master has a general foreman in charge of work and an under foreman in charge of employees subject to his orders, the latter foreman and these employees are fellow servants, and the master is not responsible to these employees for the negligent acts of this subforeman.

2. MASTER AND SERVANT. *Master not liable for assault by fellow servant.*
   A master is not responsible for the wrongful act of an employee in assaulting another employee, when neither was acting within the course of his employment with a view to the master's business.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.

Action by E. W. Bailey against the Petroleum Iron Works. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*White & Ford,* for appellant.

Suppose we were to admit everything appellee will contend in its brief, that is, that Dan Daugherty was a foreman, the situation would not be changed. The title cuts no figure.

It is well settled that the nature of the work performed and not title of an employee governs his status as an employee. *Pasco's case,* 81 L. R. A. (N. S.) 153; See, also, 54 L. R. A. 33. If this proposition is disputed we will get together the Mississippi authorities on the question. Dan Daughety was a fellow servant of Bailey and we will not take up more time of the court on that question.

Since this case was tried in the court below, this court has decided a case which will end this case in favor of ap-

pellant.  See *Hines* v. *Cole,* 80 So. 199.  In the Hines case it was decided that there must be a showing that there was negligence in employing the man.  It is not claimed that either Dan or Dennis had reputations as fighters or were dangerous.  On the contrary Bailey was a dangerous man, and if Dan Daugherty were bringing this suit, a different question would be before the court.  Besides, the record shows that the controversy between these two men was a purely personal matter, trivial in the extreme, the question being whether or not a piece of pipe had been moved. The appellant did not employ these men to argue over such a question.  Besides it was Bailey's business and not Dan Daugherty's about the pipe.  Daugherty was not attacking Bailey for failure to find the pipe or failure to properly install it, but the question was whether or not some fellow servant had moved it.  The master had no concern with such matters.  If so, any dispute between employees renders the master responsible.  The thing was not in the scope of the employment of either man.  *Railroad* v. *Harrison,* 48 Miss. 112; *McCoy* v. *McKowen,* 26 Miss., 487; *Railroad* v. *Douglas,* 69 Miss. 723.

An employer is not liable, as a general proposition, for the assaults committed by his employees upon one another; nor it it very material that the person making the assault was a superior servant or one in authority over the person assaulted.  A railroad will not be held liable for an assault made by a yardmaster upon an employee during a personal quarrel between them because of a correction which the yardmaster had administered to the employee for a mistake in switching cars.  Indeed it has been held that since by the common law an employer has no power to use force or violence in order to compel his employee to perform the labor which he has undertaken to do, the use of force or violence by his vice principal for such purpose cannot be regarded as within the scope of his employment.  Accordingly it has been held that a local man-

ager of a telephone company does not act within the scope of his authority in assaulting and beating an employee who is about to leave to compel her to sign a voucher for the compensation which he alleges to be due to her, and the telephone company is not therefore liable to her for her injuries inflicted in that manner. But it is doubtful at least whether if an assault is committed on an inferior servant by a superior while the latter is engaged in doing the very thing he is employed to do, that is, in supervising and directing the work—the master should not be held liable therefor. And where it is shown that the superior was a person of violent and dangerous character, and was retained by the employer with knowledge thereof, it accords with principle to permit the injured employee to recover. 18 R. C. L. (Master and Servant), page 810.

*Mize & Mize,* for appellee.

The cases cited by counsel for appellant, especially *Hines* v. *Cole,* 85 So. 199, state the law, but the trouble with appellant's position is that his facts do not support his contention as to the law. The cases cited by appellant are where one fellow servant hits another, or one man of equal rank hits another, which is not the case here.

This case falls squarely within the case of *Indianola Cotton Oil Co.* v. *Crowley,* 83 So. 409, and was tried on the theory and the law outlined in said case as the court will see under the following instruction: "The court instructs the jury for the plaintiff that if they believe from the evidence that Bailey was unlawfully assaulted by the foreman or assistant foreman who had authority to control or direct Bailey's service while Bailey and the foreman were engaged in the scope of their employment, then they shall find a verdict for the plaintiff, Bailey."

The jury evidently believed that Bailey had been assaulted by the foreman or assistant foreman who had authority to direct Bailey's services. Bailey's evidence supports this instruction, and the jury had a right to believe Bailey.

The Theory of the defense was that Bailey and Daugherty were fellow servants and that the general foreman did not hold Bailey while the assistant foreman struck him, and that if the assistant foreman did strike Bailey, they were Fellow servants; but this is denied by Bailey, who testified that the general foreman held him while the assistant foreman struck him.

This instruction is based on Bailey's testimony, and no other evidence tends to support it. If either the foreman, or an assistant foreman who had authority to direct Bailey's services, struck Bailey while they were engaged in the scope of their employment, the appellant would be liable.

The court will see, that the question of foremanship was submitted to the jury; and that by an instruction given for the defendant the question of whether or not it was a personal matter between them was submitted to the jury.

All of the evidence shows that, at the time of the difficulty, it was about the work, Bailey was doing, and occurred while the parties were engaged in the scope of their employment and the only controverted question is whether or not Bailey was assaulted by a foreman or a fellow servant; and we submit that Bailey's testimony submitted to the jury in said instruction which is practically his testimony, is supported by the fact, either that the general foreman held him while the assistant foreman struck him, or that the assistant foreman who had authority to direct Bailey's services, struck him; and in either case, the appellant would be liable. As before stated, this case falls squarely within the case of *Indianola Cotton Oil Company* v. *Crowley,* 83 So. 409, *supra,* which draws the distinction between a fellow servant striking another fellow servant and a servant with authority to direct the services of another employee striking such other employee, in which latter case the master is liable. Whether or not the Daugherty who struck appellee had authority to direct his services was submitted to the jury in the instruction,

above quoted, given for appellee; and we respectfully submit that this case should be here affirmed.

SYKES, J., delivered the opinion of the court.

The appellee, as plaintiff in the circuit court, brought suit for damages for an assault and battery alleged to have been committed upon him by the general foreman of the appellant company. The case was submitted to a jury, and a verdict returned in favor of the plaintiff for five hundred dollars, and a judgment thereupon rendered by the court.. From which judgment this appeal is prosecuted.

The defendant in the circuit court pleaded the general issue, and gave notice thereunder that it would prove that the assault and battery grew out of a personal difficulty, for which the master was not liable; also that the employee who committed the alleged assault and the plaintiff were fellow servants. A peremptory instruction was asked by the defendant after all of the testimony had been introduced.

The material testimony introduced by the plaintiff was to the effect that he and some other employees of the appellant company were at work on the roof of a house. The appellee was fitting some pipes. He left his work temporarily, and upon his return made the remark that somebody had moved his pipe line. Mr. Daugherty, the man who committed the alleged assault, replied that nobody had moved the line, and told appellee that he did not know his business. One word brought on another, which resulted in a slight altercation between these two men. There was another Daugherty present at the time of the difficulty, who is a brother of this one. The plaintiff testified that the Daugherty who committed the assault upon him was a sort of foreman over him, and that he was subject to his orders; that the other Daugherty was the general foreman and had entire charge of this work. The general foreman took no part in the difficulty, except to separate the men.

Under this testimony the peremptory instruction re-quested by the defendant in the court below should have been given. In this case the fellow-servant rule applies, and these two men were fellow servants. *Givens* v. *Rail-way Co.*, 94 Miss., 831, 49 So., 180, 22 L. R. A. (N. S.) 971; *Construction Co.* v. *Heflin*, 88 Miss., 315, 42 So. 174; 12 L. R. A. (N. S.) 1040, 8 Ann. Cas. 1077; *Farquhar* v. *Rail-way*, 78 Miss. 193, 28 So. 850; *Lagrone* v. *M. N O. R. Co.*, 67 Miss. 592, 7 So. 432; *N. O., J. & G. N. R. Co.* v. *Hughes*, 49 Miss. 258.

Another reason why the peremptory instruction should have been given is that in this quarrel which resulted in the difficulty neither employee was acting within the course of his employment with a view to the master's bus-iness. *Hines* v. *Cole*, 85 So. 199.

Reversed, and judgment here for appellant.

*Reversed.*