ILLINOIS CENT. R. CO. *v.* GREEN.

[94 South. 793, No. 22946.]

1. RAILROADS. *Fireman not within scope of employment in ejecting trespasser.*

A railroad fireman, employed to coal the engine and do such other incidental work in and about the engine and tender as was necessary to operate the engine, had no authority, and was acting beyond the scope of his employment, in leaving the engine and going back over the train to eject a trespasser, and, if he did so and assaulted the trespasser, the employer was not liable.

2. RAILROADS. *Company not liable for malicious shooting of trespasser by employee.*

Conceding that it was the duty of a railroad fireman to leave his engine and go back upon the running train and eject trespassers, where the shooting of a trespasser was not done in furtherance of the master's business while attempting to eject the trespasser, but willfully and maliciously, without warning, and for some personal malicious and unlawful motive, without authority from the railroad company, it was not liable in damages.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Action by Wilson Green, Jr., by his next friend, against the Illinois Central Railroad Company. From a judgment

for plaintff, defendant appeals. Reversed, and judgment entered for defendant.

*Mays, Saunders & McLaurin,* for appellant.

The peremptory instruction requested by the defendant, we respectfully submit, should have been given. If the plaintiff told the truth, the fireman left his duties about the engine and crept back to where the plaintiff was stealing a ride and committed a murderous assault upon him by shooting him with a pistol. Both on his direct and cross-examination, the plaintiff insisted that the man who shot him was the fireman on the train. If any member of the train crew shot the appellee it was the fireman. The fireman testified that he stayed on his engine from the time he left Martin until he got to the next station, and stated further: "I had no business about the train."

It is one of the fundamental principles of the law of master and servant that the master is not liable for wilful or negligent acts of servants committed outside the scope of the servant's employment, unless such act was directed to be done or ratified by the master. *Railway Co.* v. *Harrison,* 48 Miss. 112; *L. & N. R. Co.* v. *Douglass,* 69 Miss. 723, *Vicksburg Waterworks Co.* v. *Gorman,* 70 Miss. 360; *Canton Cotton Warehouse Co.* v. *Pool,* 78 Miss. 360; *A. & V. Ry. Co.* v. *McAfee,* 71 Miss. 70; *A. & V. Ry. Co.* v. *Harz,* 88 Miss. 601; *I. C. R. R. Co.* v. *Lofton,* 72 Miss. 32; *Moore Stave Co* v. *Wells,* 111 Miss. 796.

We have listed some, but by no means all of the decisions of this court announcing the rule as above stated. Many of those cases are cited as leading cases by the courts of the country and by text-writers. The only question for consideration on this phase of the case is whether the fireman whom the plaintiff says shot him with a pistol was at the time acting within the scope of his employment. That question, we confidently submit, must be answered in the negative. In addition to the positive and uncontradicted evidence that the fireman had nothing to do with the

ejection of trespassers from the train is the common knowledge of mankind on the subject, and the presumption attaches in the absence of evidence, that the fireman has no duties except about the engine. We have already referred to the testimony of the fireman to the effect that he never left his engine and that he had no business about the train, and that, we submit, answers the inquiry. But if there had been no evidence on the subject, we respectfully submit that this court would take judicial notice of the fact that the fireman had no business about the management of the train and nothing to do with the ejection of trespassers from the train.

"Courts judicially know that a railway is a common carrier; that it is not an eleemosynary institution, but carries for hire, and other matters of general knowledge relating to railroads." American & English Encyclopedia of Evidence, vol. 7, p. 941, and notes; 15 R. C. L., page 1124, par. 52; *Mason* v. *Richmond, etc., R. F. Co.*, 32 Am. St. Rep. (N. Car.) 814.

We respectfully submit that the judgment of the court below, for the reasons assigned, should be reversed and the suit dismissed.

*H. B. & J. M. Greaves,* for appellee.

Replying to the argument of the defendant, with regard to the peremptory instructions being granted for the defendant, we will note the authorities cited on page 4, first. *Railroad Co.* v. *Harrison,* 48 Miss. 112. This case has been expressly overruled by this court in *Richburg* v. *Express Co.,* 73 Miss. 161. See that part of opinion by WHITFIELD, J., page 170. *L. & N. Railroad Co.* v. *Douglas,* 69 Miss. 728.

This case is not an authority here, because there the baggageman and expressman were preparing to play a practical joke on the plaintiff, when the negro got frightened, and jumped out of the train. Note also the case of *Canton Warehouse Co.* v. *Pool,* 78 Miss. 147.

This case was where some young men in the city of Canton, invited Mr. Pool to go and inspect the ice plant, in order to play a practical joke on Pool, which they did, frightening Pool, who jumped from the ice house platform and was injured. This latter case, *Canton Warehouse Co. v. Pool,* is fully distinguished in *Magouik v. Telephone Co.,* 79 Miss. 637. The case of *Waterworks Co. v. Gorman,* 70 Miss. 360, has no application to this case whatever. *A. & V. Railroad Co. v. McAfee,* 71 Miss. 70, we will discuss later. *A. & V. Railroad Co. v. Hartz,* 88 Miss. 681, has no application here as it was simply a suit brought against the Railroad Company to recover damages because of a personal difficulty between the employees. These cases are all cited in: 123 Miss. 264, 91 So. 700, and the facts of each case show that it is no authority here.

The case of *Moore Stave Co. v. Wells,* 111 Miss. 796. This is no authority here, as that was a mere personal matter between a servant of the Stave Company and Wells, and had nothing to do with the employee's business.

We will now consider the case of *A. & V. Railroad Co. v. McAfee,* 71 Miss. 70, which is very much relied on by the appellant and cited again in his brief in the middle of page 7. In this case a member of the crew on a freight train, was undertaking to collect fare from the negro, and in a struggle which ensued, the brakeman, who was not trying to eject the plaintiff from the train, but simply to collect fare, for the brakeman's own personal use, threw the negro from the train, thereby injuring him. This case I find cited in the following reports: 72 Miss. 36; 123 Miss. 264; 91 So. 344, 700. We also find this case cited in the notes of 5 L. R. A. (N. S.), page 1025.

Now, we will refer to the first citation of this case in the case of the *Railroad Co. v. Latham,* 72 Miss. 32. In this case the opinion was delivered by Whitfield, J., and here differentiates between a case where recovery can be had, and a case where recovery cannot be had. If the court has any question in its mind about our right to recover in this case, I would respectfully suggest that it read the opinion

of WHITFIELD, J., in this case and the two cases cited by
WHITFIELD, J., on page 35. *Kansas City Railroad Co.* v.
*Kelly,* 14 Pac. 173.

I am a little surprised at the appellant basing his argu-
ment and hope of reversal on this theory, that: "The court
should know that neither the fireman or engineer eject
trespassers." . . . This argument being in the face of
their witnesses' testimony, which I will quote as follows:
Mr. Scott, the conductor of the train on which the negro
was shot, testified on page 95 of the testimony, and being
page —, of the record, as follows in answer to my ques-
tion: "Q. Aint it a fact that the rules of the railroad com-
pany require you and your crew, whenever you see a man
get on the train, to go and get him off there? A. The rules
have been that way, but it is so hard to keep them off, they
have been left with us." Again, we respectfully submit that
nothing in the cases cited covers anything in this case.

The case we find most directly in point, is the case of
*Illinois Central Railroad Co.* v. *Brown,* 39 So. 531, decided
December 18, 1905, by TRULY, J. This case is on all-fours
with our case in every respect and we request the court to
read the statement of facts, in that case, and the opinion
of the court.

We call the court's attention to *Christian* v. *I. C. Rail-
road Co.,* 71 Miss. 237. See the case of *Thompson* v. *Rail-
road Co.,* 72 Miss. 715, in which the court held that it is
for the jury to determine the wanton and wilful negligence
in the defendant's servants, ordering a trespasser to leave
the train, while the same was in rapid motion. See the
case of *Fore* v. *Railroad Co.,* 87 Miss. 221.

Replying further to the suggestion that the court should
have given a peremptory instruction. This court has al-
ways held that occasionally it was the duty of the trial
court to set aside a verdict and grant a new trial, but only
where the judge is of the opinion that the finding of the
jury is clearly against the great preponderance of the
evidence. Judge CALHOUN said (not quoting) that it must
be a rare occasion indeed where the judge should under-

take to take the case from the jury. See the case of *Fore* v. *Railroad Co.,* 87 Miss. 211.

There are a long line of decisions, unnecessary for me to cite, which hold that it is the rarest case, where there is conflicting evidence, which will permit the judge to take the case away from the jury. I am not citing any of the earlier cases, but only very recent ones: In *Hutchinson* v. *Gaston,* 128 Miss. 496, the court held a verdict should not be disturbed where the evidence is conflicting. The case of *The Railroad Co.* v. *Bennett,* 91 So. 113, is one of those rare cases in which the court reverses the finding of the jury. Note the character of the evidence in that case and note the opinion of the court. Note the case of *Davis, Director General,* v. *Temple,* (No. 22531), 91 So. 689, Advance Sheets, No. 10, June 24, 1922. See the opinion of ETHRIDGE, J., page 690, lefthand column, in which the rule is again announced that where there is conflicting evidence that the court refuses to usurp the functions of the jury and substitute its finding of facts for that of the jury, otherwise, we should abolish juries, and try all issues here.

We anticipate no trouble on this score as the testimony given by the witnesses for the plaintiff was the same from the start to the finish.

HOLDEN, J., delivered the opinion of the court.

The Illinois Central Railroad Company appeals from a judgment of one thousand two hundred fifty dollars, rendered against it as damages for an assault and battery committed upon appellee, Wilson Green, by a servant of the railroad company, while appellee was a trespasser, stealing a ride upon one of its freight trains.

The main point urged by appellant for reversal is that, if the assault was committed by one of its servants, it was done while the servant was acting beyond the scope of his authority, and not in furtherance of the master's business. The opposite view of the appellee is that the assault

was committed upon the appellee, in willfully shooting him, by one of the train crew while acting within the scope of his employment.

The facts, briefly stated, pertinent to the question presented by the appeal, are as follows: The appellee, Wilson Green, Jr., a young negro about twenty years of age, accompanied by one of his friends, boarded one of appellant's freight trains at Martin, Tenn., and was "stealing a ride" on his way back home to Canton, Miss.

After the train left on its journey southward, and while the appellee was riding upon a flat car, some five cars back from the engine, a person appeared on the top of a box car near the flat car, and fired a revolver shot in the direction of appellee, which struck him and caused him to fall from the train, and one of his feet fell upon the rail and was crushed to such an extent that it was necessary to amputate it.

On the trial of the case the appellee testified that the man who shot him was the fireman on the train, who he had previously seen putting coal in the locomotive and oiling it when the train was standing still. He was positive in his identification of the fireman as the man who suddenly appeared on top of the box car and shot him without warning, or without attempting to eject him from the train.

The conductor, trainmen, engineer, and fireman all testified that no one of them did the shooting. They appeared in person at the trial, and the appellee was asked to identify the man who shot him, but he said that he was unable to do so; he insisted, however, that it was the fireman who did the shooting, and described the way he was dressed and the cap that he wore. The conductor testified that a strange white man was seen hanging onto the train at or near the place where the shooting occurred, and that the description of the assaulter given by appellee suited that of this white man, who was seen to hang onto the train at that point.

The fireman testified that he did not leave his engine, but was busy firing it; that he had no business on or about the cars of the train. The engineer testified he knew nothing of the shooting, and that the duties of the fireman were to shovel coal into the engine, and perform such other services as were required in the operation of the engine.

The testimony offered by the appellees shows without contradiction that the man, whoever he was, that shot him, suddenly appeared upon the box car next to the flat car upon which appellee was riding, and, without any notice or effort to eject appellee from the train, willfully and maliciously shot appellee, causing him to fall from the car upon the rail, which resulted in the loss of his foot.

The record contains no evidence showing that the assault was made by the fireman, or any other member of the crew, while in the attempt to eject appellee from the train, but the case was submitted to the jury upon the theory that recovery might be had if under any circumstances the appellee was assaulted by the fireman or any other member of the crew engaged about the operation of the train, and was at the time acting within the scope of his employment and in furtherance of the master's business.

It is our opinion, from the undisputed facts disclosed by the record, that the appellee has no right of recovery, and that the peremptory instruction asked in the lower court by the appellant should have been granted.

The evidence fails to warrant a recovery for two obvious reasons, namely: First the fireman had no authority, and was acting beyond the scope of his employment, to leave his engine to go back over the train five cars away and attempt to eject a passenger beating his way on the train. The fireman was employed to coal the engine and do such other incidental work in and about the engine and tender as was necessary to operate the engine; and if he left his employment and went back upon the train while it was running and assaulted a trespasser riding thereon the master is not liable for his act. The fireman, in this case,

had no right to eject a trespasser from the cars in the train, and certainly had no authority to maliciously shoot a trespasser on the train. Such brutal conduct is not to be tolerated by the railroad officials or the officers of the law.

The second reason why there is no liability in this case is that, conceding, for the moment, the fireman is such a member of the train crew as makes it his duty to leave his engine and go back upon the running train and eject trespassers, still in this case the shooting of appellee was not done in furtherance of the master's business while attempting to eject the trespasser, but the shooting was willfully and maliciously done without warning, and not in the purpose of ejecting the trespasser, but was done for some other personal, malicious, and unlawful motive, without authority of the railroad company and for which it is not liable in damages.

The rule is well settled in this state that the master is not liable for the acts of the servant when done outside of the scope of his employment and not in furtherance of the master's business, unless such act be directed to be done by the master or ratified by him. *Railway Co.* v. *Harrison,* 48 Miss. 112, 12 Am. Rep. 356; *L. & N. R. Co.* v. *Douglass,* 69 Miss. 23, 11 So. 933, 30 Am. St. Rep. 582; *Vicksburg Waterworks Co.* v. *Gorman,* 70 Miss. 360, 11 So. 680; *Canton Cotton Warehouse Co.* v. *Pool,* 78 Miss. 147, 28 So. 823, 84 Am. St. Rep. 620; *A. & V. Ry. Co.* v. *McAfee,* 71 Miss. 70, 14 So. 260; *A. & V. Ry. Co.* v. *Harz,* 88 Miss. 681, 42 So. 201; *I. C. R. Co.* v. *Latham,* 72 Miss. 32, 16 So. 757; *Moore Stave Co.* v. *Wells,* 111 Miss. 796, 72 So. 228.

In view of the conclusions reached above, the judgment of the lower court is reversed, and judgment entered for appellant.

Reversed, and judgment here for appellant.

*Reversed.*