SOUTHERN RY. CO. v. GARRETT.*

(Division B. Sept. 15, 1924.)

[101 So. 348.  No. 24176.]

MASTER AND SERVANT. *Master not liable for servant's acts outside scope of employment.*

A master is not liable for the acts of a servant when done outside the scope of his employment and not in furtherance of the master's business, unless such act is either directed to be done or ratified by the master.

---

*Headnote '1.  Master and Servant, 26 Cyc, p. 1526.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by Mrs. C. C. Garrett against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered.

*Boone & Worsham,* for appellant.

The court erred in overruling demurrer of defendant and in refusing to grant the peremptory instructions of defendant. The rule is well settled in this state that the master is not liable for the acts of a servant when done outside the scope of his employment and not in furtherance of his master's business unless such an act is directed to be done by the master or ratified by him. *I. C. R. Co.* v. *Green,* 94 So. 793.

In support of the above principle the court in the *Green case, supra,* cited the following cases. *Railway*

*company* v. *Harrison*, 48 Miss. 112; *L. N. R. Co.* v. *Douglas*, 69 Miss. 723; *Vicksburg Water Works Co.* v. *Gorman*, 70 Miss. 360; *Canton Cotton Warehouse Co.* v. *Pool*, 78 Miss. 147; *A. & V. R. R. Co.* v. *McAfee*, 71 Miss. 70; *A. & V. R. Co.* v. *Harz*, 88 Miss. 681; *I. C. R. R. Co.* v. *Latham*, 72 Miss 32.; *Moore Stave Co.* v. *Wells*, 111 Miss. 796; *Davis* v. *Prince*, 97 So. 557; 6 Labatt's Master & Servant (2 Ed.), 6704; *L. & N. R. Co.* v. *Corlander*, 129 Miss. 24.

If there is any meaning or force whatever in the above authorities, it necessarily follows that this case ought to be reversed and dismissed, as it is not possible by any sort of reasoning to show that the baggage master was acting within the scope of his employment in the furtherance of his master's business and in the performance of his appointed duties.

*W. J. Lamb*, and *H. M. Rhyne*, for appellee.

The only question that can arise in this case is, whether the appellant is liable under the facts and circumstances of this case for the acts and misconduct of its servant. The record shows in this case by the witnesses of the appellant, that there was no closet in the baggage car, and that there was no way for the baggage master to answer the calls of nature by leaving the baggage car and going into some other car, or using the door for his convenience, as was done in this case.

The appellant placed this man in the position where it made it possible for him to do what he did. do, and the servant of the appellant having done what he did do, we respectfully submit that the appellant should respond· in damages for the act and wanton insult of its servant to this inoffensive woman, who went where she did go because she had a right to go there and was in no way to blame for the conduct of the servant of this appellant. We think it is a far stretch to contend in this case for the principle that the master is not liable for

the acts of the servant committed beyond the scope of his authority. The master knew that its servant would have to answer the calls of nature, and the master made no provisions whereby this servant could respond to the calls of nature, except to use the door, as he did do, or leave the car and go into some other part of the train. *Barmore* v. *Railway Company,* 85 Miss. 443, is applicable here.

The act of the servant in this case was in course of the employment of the servant, because there is no such thing as a human being being able to perform the duties of the master unless he responds to the calls of nature. See, also, *Richberger* v. *Express Co.,* 73 Miss. 171.

The master should be held liable because of lack of judgment or want of discretion on the part of the baggage master when he did the act that brought about the damage that was done in this case, for the servant of the appellant inflicted an unjustifiable injury upon the appellee in this case. *Y. & M. V. Railroad Company* v. *Martin,* 29 So. 829; *Ward* v. *Y. & M. V. Ry. Co.,* 79 Miss. 145, 29 So. 829.

Furthermore, section 6678 Hemingway's Code, certainly applies to the case at bar and makes the appellant liable for the injury sustained. *R. R. Commission of Washington* v. *Gt. N. Ry.,* 123 Pac. 8; *N. Pac. Ry.* v. *Adams,* 192 U. S. 440, 48 L. Ed 513.

SYKES, P. J., delivered the opinion of the court.

The appellee, Mrs. Garrett, sued the appellant railway company for damages. The alleged cause of action, as laid in the declaration, is as follows:

"That on the 7th day of January, 1923, plaintiff came to the depot of said defendant in the town of Iuka, Miss., where the general public is invited by said defendant to transact business and to meet and accompany friends going out on defendant's trains, to assist her father in boarding said defendant company's cars; plaintiff says

that as soon as she and her husband, J. E. Garrett, had assisted plaintiff's father on said cars, plaintiff, in company with her husband, J. E. Garrett, started walking up and on the walkway provided by said defendant company, when said train began to leave the station, but while crossing the main street in the town of Iuka, Miss., without any warning to plaintiff, the baggage master, the employee of said defendant company, then and there in broad daylight at high noon wilfully, grossly, and maliciously exposed his private parts in the presence of plaintiff, and, before plaintiff could move or in any manner get out of the way, urinated upon the clothing and person of plaintiff, to the great humiliation, anguish, mental pain, mortification, and nervous strain, to the great damage of plaintiff. Wherefore plaintiff brings this suit and demands judgment against the defendant in the sum of twenty-five thousand dollars.''

A demurrer was overruled to the declaration, whereupon the defendant pleaded the general issue, and gave notice thereunder that the alleged act of the baggage master was not within the scope of his employment and not in furtherance of the master's business, nor in performance of duties assigned to him when he committed the acts alleged against him in the declaration. We will assume that the testimony of plaintiff was, in substance, in accord with the allegation of the declaration.

Among other things the baggage master who testified as a witness for the defendant denied that he was guilty of this very reprehensible conduct. At the conclusion of all the testimony the defendant asked for and was refused a peremptory instruction. There was a verdict and judgment thereupon in favor of the plaintiff in the lower court for one thousand and forty dollars from which judgment this appeal is here prosecuted.

The peremptory instruction requested by the defendant should have been given. Assuming that the baggage master either negligently, willfully, or recklessly committed the act charged, yet it was in its very nature

purely a personal act upon his part, not in any way connected with the business of the master, and done entirely outside of and disconnected with the master's business. The rule of liability of the master for the act of his servant is thus laid down in the opinion of this court in the case of *I. C. R. R. Co.* v. *Green,* 130 Miss. 622, 94 So. 793:

"The rule is well settled in this state that the master is not liable for the acts of the servant when done outside of the scope of his employment and not in furtherance of the master's business, unless such act be directed to be done by the master or ratified by him."

The judgment of the lower court is reversed, and judgment will be entered here in favor of appellant.

*Reversed, and judgment for appellant.*